226 So.2d 647

**Lonzo L. BEARDEN**

v.

**Carolyn LeMASTER, pro ami.**

**8 Div. 304.**

Supreme Court of Alabama.

Sept. 11, 1969.

Clark E. Johnson, Albertville, for appellant.

T. J. Carnes, Albertville, for appellee.

PER CURIAM.

This is an appeal by defendant from the Circuit Court of Marshall County, Albertville Division, following a jury trial with verdict in favor of plaintiff. The suit was for personal injuries received in an automobile collision between a pick-up truck owned and driven by defendant and a passenger car driven by plaintiff. The accident occurred within the city limits of Albertville on Highway 431 at an intersection with Martlin Road. The car driven by plaintiff was owned by her grandmother. Plaintiff's father was in the car and also plaintiff's little brother, all riding in the front seat.

The complaint contained a count charging simple negligence and a count charging wanton conduct. The wanton count was later withdrawn. Defendant pleaded the general issue and contributory negligence. Defendant also filed a plea of recoupment claiming personal injuries and property damage. The jury returned a verdict for plaintiff for Five Thousand and No/100 ($5,000.00) Dollars. A motion for new trial was overruled and this appeal followed.

■ Appellee filed a motion to strike the brief of appellant alleging a failure to comply with Supreme Court Rule 9. The brief certainly fails to fully comply with the provisions of Supreme Court Rule 9; but in the exercise of our discretion, we will consider the merits of the appeal and, therefore, overrule the motion of appellee to strike.

The accident occurred around 9:00 a. m. and there is nothing to indicate other than normal weather conditions. United States Highway 431 is a four-lane divided road. Stop signs are erected on each side of the roadway at this intersection. There is a dividing strip between the two traffic lanes.

Defendant testified that as he approached the intersection, he stopped the truck and looked; he then moved to the middle of the road with his bumper "just over the line," where he stopped again. It was at this time and place that plaintiff's car traveling on the outside right lane, as plaintiff contends, collided with defendant's truck, and thereafter ran some distance striking a brick wall. Defendant and his wife, a passenger in the truck, both received personal injuries. Plaintiff received extended, severe, and permanent injuries. The movement of both vehicles immediately preceding the collision was highly disputed.

### Assignments of Error 1 and 2.

■ These assignments deal with the failure of the court to grant the motion for a new trial. The argument, in brief, deals only with the conduct of plaintiff, with emphasis on her speed and failure to see and avoid the defendant's vehicle. Appellant relies almost entirely on plaintiff's testimony to support his contention of contributory negligence. We assume the same contention and argument was made to the jury. The trial court also heard and considered the contention of defendant's counsel. The ruling in denying the motion for new trial gives added support to plaintiff's contention that the jury verdict should not here be disturbed. We conclude that the ruling on the motion for new trial was without error. Southern Railway Co. v. Reeder, 281 Ala. 458, 204 So.2d 808.

### Assignment of Error 3.

■ The following unnumbered charge was given for plaintiff:

"The Court charges you that if you find for the plaintiff in arriving at the amount of damages you should take into consideration the value of today's inflated dollar."

Appellant contends the charge is unnumbered, argumentative, abstract, and does not state a principle of law.

We have for many years recognized a consideration of the decreasing value of the dollar in deciding if jury verdicts are excessive. Louisville and Nashville R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Southern Ry. Co. v. Stallings, 268 Ala. 463, 107 So.2d 873; Jack Cole Co. v. Hays, 281 Ala. 118, 199 So.2d 659; Magic City Bottling Co. v. Tolbert, 34 Ala.App. 516, 41 So.2d 619. See also: 12 A.L.R.2d 642 with annotations.

In Rebholz v. Wettengel, 211 Wis. 285, 292, 248 N.W. 109, the court observed:

"* * * that there is no need for expressly instructing a jury to take those matters into consideration in assessing damages. 'It would seem that appellant could not have been prejudiced by a failure to instruct on such a matter of com-

mon knowledge.' Rideout v. Winnebago Traction Co., 123 Wis. 297, 312, 101 N. W. 672, 677, 69 L.R.A. 601."

Later the question was again considered by the Oregon Supreme Court in Willard v. Hutson, 234 Or. 148, 378 P.2d 966, 1 A. L.R.3d 1092, where an instruction was given to the jury as follows:

> " 'In this case, if you award damages to the plaintiff—and again I caution you: I do not mean to imply you should or should not—you are entitled to consider the present purchasing power of money in arriving at the amount of damages.' " (378 P.2d at 975)

The court held:

> " * * *. We think, however, that it would not be error to refuse the instruction because, as the court said in Gist v. French, supra, it is hardly necessary to remind a jury of the diminished purchasing power of the dollar, as the jurors are reminded of it almost daily * * *." (378 P.2d at 976)

We agree with this statement and holding.

Here plaintiff sustained substantial permanent injuries including a fracture of the small bone of the ankle, compound fracture of the right wrist, and crushed right kneecap requiring removal. Appellant does not raise on this appeal or in the motion for new trial that the award of Five Thousand and No/100 ($5,000.00) Dollars was excessive. We hold that while the court could have refused the charge, without error, the giving of the charge resulted in no injury to defendant and was without error.

### Assignment of Error 4.

■ "PLAINTIFF'S GIVEN UN-NUMBERED CHARGE

"The Court charges you that a person using a highway has a right to assume that other (sic) also using it will exercise proper care and will use it in obedience to the rules and regulations governing its use and thus, a traveler on a highway who has the right-of-way at an intersection is not bound to anticipate that another will enter the intersection in violation of the rules of the road but is justified in assuming that all persons approaching said intersection for entrance onto or crossing the main road will exercise reasonable care and will act in obedience to the rules of the road."

Appellant contends that this charge is abstract and ignores the principle of subsequent negligence. If abstract it can be given without error. Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232. We cannot agree that this charge ignores the issue of subsequent negligence; an explanatory charge should have been requested by defendant. The pleading was at length, to include the counterclaim. The court in its full and complete oral charge made no mention of subsequent negligence. No exceptions were taken to the oral charge. We hold there was no error in giving this instruction. Johnson v. Coker, 281 Ala. 14, 198 So.2d 299; Deamer v. Evans, 278 Ala. 35, 175 So.2d 466.

### Assignments of Error 5 and 6.

■ The court gave at the request of plaintiff the following unnumbered charges:

"The Court charges you that if you are reasonably satisfied from the evidence that the defendant breached a duty he owed the plaintiff and as a proximate consequence thereof she was injured, she is entitled to recover, and in assessing her damages you are authorized in your best judgment to award a fair and reasonable compensation for any physical pain or mental suffering that you believe the plaintiff suffered and will suffer in the future as a proximate consequence of the defendant's breach of duty."

"The Court charges you that if you find for the plaintiff you should give

such damages as will compensate for all pain and anguish, both of mind and body, she may have suffered as a proximate result of the injuries for which she is entitled to recover. The law does not fix a monetary standard by which human suffering can be measured nor does it fix any other precise value for the admeasurement of such damages, but from the necessity of the case, leaves their assessment to the good sense and sound judgment of the jury."

These charges related to the measure of damages and may be considered together.

The argument is made that the charges are abstract and unrelated to the evidence. We cannot agree with this contention, but again observe that any prejudicial error could only relate to the amount of damages awarded. We repeat that there is no contention here made that the damages awarded to plaintiff for most serious, permanent injuries were excessive.

We hold there was no error in the giving of either charge. Supreme Court Rule 45.

### Assignment of Error 7.

"The Court charges you that a traveler on a highway has a right to assume that others who may also be using it will exercise a proper degree of care, in the absence of any indication to the contrary. Thus, one may assume that the driver of a vehicle approaching a four-lane highway at an intersection will observe the rules and regulations governing the movement of traffic onto such highway until it becomes obvious that he is not going to do so."

This charge is somewhat similar to the charge discussed under assignment of error 4. Again the criticism is made that the charge is abstract, and not related to the evidence. Counsel admits the charge is "clearly a better statement than the in-struction discussed under Assignment of Error 4." We hold that while the charge could have been refused without error, it was not error here to give the charge.

### Assignment of Error 8.

■ "PLAINTIFF'S GIVEN UN-NUMBERED CHARGE

"The Court charges you that it may be assumed that every physical endowment, function, and capacity is of importance in the life of every man and woman, and that occasion will arise for the exercise of each and all of them and every person is entitled to damages to the extent to which any function is destroyed, or its discharge rendered painful or perilous by the wrongful infliction of personal injury. The law can, in other words, conveive (sic) of no physical injury, wrongfully inflicted, whether entailing pain only, or incapacity, relative or absolute, to perform any of the functions of life, which may not be made the predicate for compensation in damages; and if you are reasonably satisfied from the evidence in this case that a proximate consequence of a breach of duty that the defendant owed the plaintiff she has had some member of her body or some physical function rendered less usable or that such use under certain circumstances is accompanied with pain and that this condition may continue into the future then I charge you that you must award the plaintiff such compensation therefor as to you in your sound judgment may seem just and proper."

This charge deals primarily with injuries for which compensation may be awarded for the wrongful infliction of injury. It deals rather vaguely with elements of injury which can be made the predicate for compensation in damages. It may have been taken from an opinion in another case, as suggested by appellant.

Objection is here made, as in most of the other charges previously considered that the charge is unnumbered. No authority is cited to sustain this position. We know of no such requirement. Numbering of written charges is not provided in Title 7, § 273, 1958 Recompiled Code. There is no error here for this reason.

In our judgment, the trial court could have refused this charge without error. Since it deals primarily with damages and, as previously indicated, the amount of damages awarded plaintiff is not claimed to be excessive, we hold that there was no error to the injury of the defendant in the giving of this instruction. Supreme Court Rule 45.

*Assignment of Error 13.*

Here there is a renewal of the alleged error in overruling the motion for new trial. Appellant urges that this motion should have been granted on grounds 7 to 16 inclusive of said motion, this being a renewal of the given charges already here considered and denied. Also presented but not argued are defendant's refused charges 1, 2, 3, and 8. Three of these charges relate to the wanton count which was withdrawn. Charge 8 is bad because it omits any reference to proximate cause. Again, we hold the motion for new trial was overruled without error.

The case is due to be affirmed.

This opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.