299 So.2d 751

Charles E. JONES

v.

Willie Jo JONES.

Civ. 357, 357–X.

Court of Civil Appeals of Alabama.

Aug. 7, 1974.

Rehearing Denied Aug. 28, 1974.

**310**

Jetton & Ogden, Guntersville, for appellant.

T. J. Carnes, Albertville, for appellee-cross-appellant.

WRIGHT, Presiding Judge.

This is an appeal from a decree of modification of support payments for minor children. Appellee cross-appeals assigning error in the granting of visitation rights.

Appellant, Charles E. Jones, and appellee, Willie Jo Jones, were divorced by decree dated May 27, 1968. By the decree, custody of three minor children was granted to Willie Jo Jones. The father, appellant, was ordered to pay support in the sum of $75 per month and $25 per month as alimony. He received reasonable visitation rights. In 1968 one of the children, a girl, was killed in a school bus accident. On December 9, 1968 the visitation rights of the father were revoked because of his bringing the children home while intoxicated.

After the death of the child, appellant continued to regularly make the support and alimony payments as originally directed. The mother received some $17,000 from insurance and settlement of claims from the death of her daughter. With this sum she built and paid for a home, paid burial expenses and attorney fees. The surviving children are boys, aged sixteen and fourteen at the time of hearing in February 1974.

Petition was filed by appellee for modification of the original decree as to support. She averred change in circumstances of the parties since the original decree of 1968. Such change was the increase in age and resulting cost of support, together with increase of cost of living due to inflation.

In response to her petition, appellant filed a cross-petition requesting division of monies received from the death of the girl, reductions of child support and specific visitation rights. As to the first aspect of the petition, motion to dismiss for failure to state a claim was granted.

After oral hearing, decree was entered increasing child support to $170 per month and granting to appellant certain specific times for visitation of the children with him. The only witness was the appellee. Appellant did not testify. Appellant's income tax return for 1972 was presented

through interrogatories propounded by appellee.

## On Motion to Strike

Upon motion to strike appellee moves to strike appellant's brief for failure to provide a narrative of the testimony of the witnesses in accordance with Rule 9, Supreme Court Rules. The motion is denied, as we find a sufficient compliance.

## On the Appeal

Appellant assigns five errors, which when considered in light of his argument actually constitutes only one. He contends that the court was in error in increasing the child support for the evidence is insufficient to show change of circumstances since the last decree, and that the financial ability of appellant to pay the increased support was not shown by the evidence.

We find that appellant's assignments of error are not well founded and we affirm the decree of the trial court.

The increase in age of the two boys since 1968, and the correlative increase in need for support, together with the increase of cost of living due to inflation, is sufficient to constitute a material change of circumstances. We take judicial notice of the increase of cost of living due to inflation. Bearden v. LeMaster, 284 Ala. 588, 226 So.2d 647.

The testimony of appellee as to the requirement of support is undisputed. The evidence presented was specific as to monthly expenses for necessities. The undisputed evidence was that appellant's income for 1972 was $8,675 from the State of Alabama. Appellee is working two jobs, and at times three, in order to support herself and the children. The sum of $170 per month for support and education of two teenage boys is not unreasonable. There is no evidence from appellant that he is not able to pay such sum.

In view of the presumption of correctness accompanying every decree rendered after hearing ore tenus, and in the absence of any evidence that the decree is unjust, we must affirm. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548.

## On Cross-Assignment of Error

Appellee contends error in the decree of the court on cross-petition by granting specific visitation rights to appellant.

On December 9, 1968 the court upon petition of appellee revoked the right of visitation of appellant with his children. Such order of revocation was entered ex parte. There never was a response from appellant to the petition and a hearing thereon was never held. It appears from the testimony that since that time the boys have visited with and worked for their father without restriction. He has paid dental bills for them above the support required. He and the children apparently have a good relationship.

The boys at ages sixteen and fourteen need their father and will see him if they desire to do so even without a court order. On the other hand, if they do not wish to visit him they will not do so with good grace even with a court order. There is no evidence in the record that the father is an unfit person to have visitation rights. In the absence of such evidence of unfitness and in view of his record of support, it will be presumed that he has the parental right of visitation or temporary custody.

The decree is affirmed as to the matter presented by cross-appeal.

Affirmed.

BRADLEY and HOLMES, JJ., concur.

## ON REHEARING OPINION EXTENDED

On motion for rehearing, it is brought to our attention that there was a request for

an attorney's fee by appellee. We therefore extend our original opinion and grant an attorney's fee for services of counsel on appeal in the amount of $250.00.

Opinion extended.

BRADLEY and HOLMES, JJ., concur.