301 So.2d 191

**Percy J. HOWARD**

v.

**Mary Jane HOWARD.**

**Civ. 389.**

Court of Civil Appeals of Alabama.

Oct. 2, 1974.

Chason, Stone, Chason & Partin, Bay Minette, for appellant.

William D. Melton, Evergreen, for appellee.

HOLMES, Judge.

This is an appeal from a decree of modification of support payments for minor children.

Appellant-husband and appellee-wife were divorced by decree dated March 9, 1972. An agreement between the parties providing for $500 per month child support for their three minor children was incorporated into the decree of divorce.

In February of 1974, the appellee filed a petition for modification of the original decree as to child support. She averred change in circumstances since the original decree. Such alleged change of circumstances was the need of the children to attend a private school, together with increase in cost of living due to inflation.

After oral hearing, a decree was entered increasing child support from $500 to $700 per month.

Appellant's able counsel's only assignment of error is to the effect that the trial court abused its discretion by increasing the child support payments in that there was no proof of a material change of circumstances.

The record reveals that the minor children are 10, 9 and 3 years of age; further, that the school age children were, at the time of the original decree and at the time of the hearing from which this appeal arises, enrolled in public school; that the two school age children are exceptionally bright children; that the father is a surgeon making in excess of $43,000 per year, some $800 more per year than when the divorce was granted; that both parties have remarried since their divorce. Furthermore, approximately two years have passed since the original decree was entered awarding the aforesaid amount of child support.

Appellee testified as to the needs of the children. She stated she was unable to support them on $500 per month and that the children's needs at this time exceed $450 per month plus approximately $2,500 per year private educational expenses. Put another way, their combined needs are approximately $8,000 per year. The trial court awarded $8,400 per year.

Additionally, appellee testified that both of the two older children were exceptional students. The oldest had been selected upon recommendation of the Mobile County Public School to attend, one day a week, a special school for academically talented children. This child was one of only nine in her public school to be so chosen. Appellee also stated she felt the children would have a better challenge in a private school. In response as to why she felt the best interest of the children would be served by attending a private school, she said:

"I feel that they will have more individual attention and that they can proceed at their own speed; I feel that there will be a broader range for them, which will enable them to maybe even slow them down a little, but these children are aggressive in school and I feel like it would be vital to their well being for them to participate in private school programs, extra music and art programs."

It is also to be noted that appellant, after the original divorce decree, voluntarily gave appellee $100 additional per month for the children's use. This was done for approximately four months, until terminated upon advice of counsel. This additional money was given by the appellant, according to his testimony, after having been told by appellee that she was "having a hard time." He also testified that while he did not think it necessary for anybody to be in a private school, he had agreed with his former wife after she decided to send the children to a private school that it was probably a good idea.

Both appellant and appellee recognized the presumption of correctness that accompanies every decree rendered after hearing *ore tenus,* and in the absence of any evidence that the decree is unjust we must affirm. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548. This is true even though this court may take a different view of the evidence.

■■ Our Presiding Judge Wright, in Jones v. Jones, 53 Ala.App. 309, 299 So.2d 751 (decided August 7, 1974), recognized the principle that the increase in age of minor children and the correlative increase in need for support, together with the increase in cost of living due to inflation, is sufficient to constitute a material change of circumstances. This court, in Jones v. Jones, *supra,* citing Bearden v. LeMaster, 284 Ala. 588, 226 So.2d 647, took judicial notice of the increase in cost of living due to inflation, and we do so again in this case.

As this court held in Barber v. Barber, 51 Ala.App. 448, 286 So.2d 852, 854:

"The paramount consideration of an equity court in determining the amount of support for minor children is the best interest and welfare of the children, taking into account the ability of the father to pay. The amount to be granted is a matter of discretion with the court and revisable on appeal only for an abuse of such discretion. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120."

■ In light of the testimony as to the exceptional nature of the children and our own taking of judicial notice as to the increased cost of living due to inflation and the passage of approximately two years since the original decree, we cannot say the trial judge abused his discretion.

There is a strong presumption favoring the trial court's finding. 2A Ala.Dig., Appeal and Error ⊜931(1). We find nothing in the record to overcome this presumption.

The attorney for appellee has petitioned this court for an attorney's fee for representation of appellee on this appeal. A fee of $150 is hereby awarded.

The decree is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.