HOLMES, Judge.
This is an appeal from a modification of a prior divorce decree. The Circuit Court of Russell County, on petition of appellee-wife, increased the child support payable by appellant-husband from $20 to $75 per month, and altered the visitation provisions of the prior decree. The husband does not contest the trial court’s action regarding visitation privileges, but appeals from the modification of child support payments.
The sole issue before this court is whether the trial court abused its discretion in its modification of child support payments. *598 We find there to be no abuse of discretion, and affirm.
The record reveals the following pertinent facts:
The parties were divorced by a decree of the Circuit Court of Russell County in August of 1971. The husband was awarded custody of the two minor sons of the parties, while the wife was given custody of an infant girl then approximately two months old. The wife was given some $10,000 and various other personal property as alimony in gross, and the husband was ordered to pay $20 per month to the wife as child support for the baby girl. The decree also provided for visitation rights on the part of the wife.
In May of 1975, the wife petitioned the Circuit Court of Russell County for modification of the child support and visitation provisions of the decree. The trial court, after hearing oral testimony, modified the visitation rights of the wife and ordered the husband to pay $75 per month child support, as noted earlier.
The testimony taken at the hearing shows that the wife is employed as a secretary, earning $85 per week. Her only other source of income is the child support payments. Her income is apparently totally absorbed by living expenses for herself and her minor daughter.
The husband is in the egg, cattle, and hog business with his brother. The business owns approximately 18 cattle and 200 hogs, and also includes an egg delivery route. Various items of equipment are owned by the business. Additionally, the husband apparently owns approximately 100 acres of land. He also owns two automobiles. He has remarried and his present wife works. The husband’s income tax returns showed that his income since the divorce has ranged from $10,000 to approximately $3,000. His return for 1971 showed his income at the time of the divorce to be over $4,000.
The proper standard of review in cases of this nature is well stated by our Presiding Judge Wright in Barber v. Barber, 51 Ala.App. 448, 450, 286 So.2d 852, 854, cert. den., 291 Ala. 772, 286 So.2d 857, where we find the following:
“We consider an appeal from a decree of modification rendered by the trial court after hearing ore tenus with the presumption of its correctness. Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778. We will reverse such decree only if after considering all of the evidence, we conclude it to be palpably wrong, unjust or contrary to law. Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Butler v. Butler, 274 Ala. 352, 148 So.2d 638; Fultz v. Fultz, 47 Ala.App. 502, 257 So.2d 362.
“The paramount consideration of an equity court in determining the amount of support for minor children is the best interest and welfare of the children, taking into account the ability of the father to pay. The amount to be granted is a matter of discretion with the court and revisable on appeal only for an abuse of such discretion. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120.”
So viewing, we do not find that the trial court committed error to reversal. While a modification of child support payments may only be based upon a change in circumstances justifying that modification, Snead v. Snead, 279 Ala. 344, 185 So.2d 135, this court, again speaking through our Presiding Judge, stated as follows concerning modification in Jones v. Jones, 53 Ala.App. 309, 311, 299 So.2d 751, 753:
“The increase in age of the two boys since 1968, and the correlative increase in need for support, together with the increase of cost of living due to inflation, is sufficient to constitute a material change of circumstances. We take judicial notice of the increase of cost of living due to inflation. Bearden v. LeMaster, 284 Ala. 588, 226 So.2d 647.”
*599 This principle was subsequently reaffirmed in Howard v. Howard, 53 Ala.App. 426, 301 So.2d 191, and our recently decided case of Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660.
This standard is also dispositive of the instant case. The minor female child is now almost five years old and will soon begin school, which will entail increased expenditures for her maintenance. She is now several years older than the infant she was when the original decree providing for $20 monthly support payments was entered. This increase in age necessitates some degree of increased expense. Furthermore, we judicially note the fact that the buying power of the dollar has noticeably lessened since 1971 due to inflation. See cases cited, supra. Considering these and other previously noted facts, we must hold that a change of circumstances existed which was sufficient to preclude any finding of plain and palpable error in the decree of the trial court.
While able counsel for appellant-husband has filed with this court an excellent and well-argued brief urging reversal, we cannot take such action in this instance. Under the circumstances of this case, to do so would constitute a quantitative judgment on our part that an increase in child support payments from $20 to $75 monthly is excessive. It is not our prerogative to make such a determination, which is within the sound discretion of the trial court as trier of fact. Adherence to the proper function of a reviewing court dictates that we not substitute our judgment for that of the trial court. Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150.
Appellee has petitioned this court for an award of attorney’s fee for representation in this appeal. An award of $250 is hereby granted.
There being no error in the record, the case is due to be affirmed in accordance with the above discussion.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.