The husband filed with the Circuit Court of Baldwin County a petition to modify the amount of child support for two minor children. The trial court did modify the decree by decreasing the required amount from $500 per month to $350 per month. We would note that the original amount of $500 per month for child support was by agreement of the parties which was incorporated into the decree of divorce.
The husband appeals, contending the trial court abused its discretion in failing to make a more substantial reduction.
This appeal is before this court on a statement of the evidence prepared pursuant to Rule 10 (d), ARAP. This statement, in pertinent part, reveals that at the time of the divorce in 1975, the husband earned approximately $2,000 per month; that he now earns $550 per month, that he has remarried; that his present wife is the apartment manager of the apartment complex where they reside; that she has no *Page 732 
other employment; and that their apartment is provided rent free because of the wife's duties as apartment manager. The husband's expenses as shown by the record are over $400 per month. The husband testified that he could pay $200 per month as child support.
The modification of a prior decree for child support in a divorce decree based on changed circumstances of the parties is a matter within the judicial discretion of the trial court and the exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to make the decision plainly and palpably wrong. White v. White, Ala.Civ.App., 334 So.2d 908 (1976); 8 Ala.Dig. Divorce 309.
Here, in this instance, we cannot find such an abuse as to require reversal. The trial court in fact modified the decree by reducing the amount by $150 per month. The trial court could have found that the husband-father who, approximately two years before this proceeding, was able to earn $2,000 per month and now only earns $550 per month is not earning to his capacity. Furthermore, the trial court could have well concluded that to reduce the amount even greater would have not been in the interest of the two minor children. Put another way, the cost of living, which the trial court can take judicial knowledge of, has increased since the original decree.
We should not be understood by the above as indicating that the trial court's action would have necessarily been this court's action. However, the law does not allow this court to substitute its judgment for that of the trial court. Sutton v.Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.