This is a child support modification case.
The mother appeals from an order of the circuit court modifying a previous award of child support.
The dispositive issue on appeal is whether there was a material change in circumstances since the original decree sufficient to warrant a modification of that decree's provisions for child support. We find no material change in circumstances, and reverse.
The record reveals the following. During the marriage the husband was in military service, and at the time of the divorce was stationed in Virginia. In 1974 the parties separated. The wife returned to the husband's original hometown in Etowah County and in 1975 filed for divorce. By agreement, the wife was given custody of the parties' two minor children, then ages twelve and nine, "subject to the right of reasonable visitation" on the part of the husband. The husband was to pay $150 per month per child in child support. *Page 1039 
Two months after the divorce the wife returned with the two children to her home state of California. The husband subsequently retired from the military, returned to Etowah County, and remarried. In July 1978 the husband filed a petition to modify the original decree, alleging that the wife had refused to allow him to exercise his rights of visitation. He sought to have his visitation rights specified and requested that the wife be ordered to allow the children to visit him or, alternatively, that he be relieved from paying child support. The husband also requested that the monthly child support payments be reduced commensurate with his ability to pay.
After a hearing, at which the husband was the only party to testify, the trial court ordered the wife to allow the children to visit the husband for two weeks each summer. The court also reduced the child support payments from $150 to $100 per month per child. The wife appeals only from that portion of the decree ordering a reduction in child support payments.
The basis for our review is the principle that an order modifying the child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Little v.Little, Ala.Civ.App., 349 So.2d 48 (1977). However, a modification may be ordered only upon a showing of a material change in the circumstances of the parties. Meyer v. Meyer, Ala.Civ.App., 346 So.2d 972 (1977). The burden of showing a material change in circumstances rests upon the moving party.O'Dell v. O'Dell, 57 Ala. App. 185, 326 So.2d 747 (1976).
We, therefore, look at the record to see if there is sufficient evidence therein upon which the modification order can be grounded.
One ground for reducing or terminating child support payments is the removal from the court's jurisdiction of the child by the custodial parent. Headley v. Headley, 277 Ala. 464,172 So.2d 29 (1965); Clark v. Clark, 46 Ala. App. 432, 243 So.2d 517
(1971). However, it must be shown that the removal of the child from the state was expressly prohibited by the divorce decree.Clark. The decree in the instant case contains no such express prohibition. Additionally, there was no finding by the trial court that the wife was preventing the husband from visiting the children. Hence the wife was free to leave the state with the children, and the fact that it is economically impractical for the husband to exercise his visitation privileges is not a ground for reduction of child support. Clark.
The second ground offered for a reduction, a reason advanced by the husband in his testimony at trial, is an increase in the cost of living due to inflation. A court may take judicial notice of an increase in the cost of living due to inflation,Bearden v. LeMaster, 284 Ala. 588, 226 So.2d 647 (1969), and may properly consider it as a factor in determining whether there has been a material change in circumstances. Jones v.Jones, 53 Ala. App. 309, 299 So.2d 751 (1974). However, in every case in this state in which an inflationary increase in cost of living has been considered, it has been in support of anincrease in child support payments. Hopper v. Hopper,54 Ala. App. 144, 306 So.2d 13 (1974); Howard v. Howard,53 Ala. App. 426, 301 So.2d 191 (1974); Jones, supra. In the instant case the father attempts to justify a decrease in child support payments because of the effects of inflation. However, we would point out that the children are affected by inflation just as much as the father. Hence we do not consider inflation to be a factor warranting a decrease in child support under the facts of this case.
A third factor, and one which may properly be considered in support of the order of modification, is the remarriage of the husband. However, the husband's remarriage is not, standing alone, a change in circumstances sufficient for a modification.Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965);McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316 (1977).
Finally, we find no evidence in the record of a substantial decrease in the father's *Page 1040 
financial status. The husband testified that his annual incomes since the divorce were: 1975, $11,007; 1976, $15,194; and 1977, $14,216. He testified that he was employed and also receiving military retirement pay. There is no indication in the record that the husband is in ill health or in any way disabled.
The evidence in the record of the wife's financial status is meager. However, the record shows that the wife is unemployed, has become disabled since the divorce, and receives as her sole source of income a supplemental security income check of $307 a month. We find nothing in this evidence which would justify a decrease in child support.
After a careful examination of the record in this case we are unable to find that there has been a decrease in the father's earnings or that there has been such a legitimate demand made on those earnings as to warrant a reduction in child support. Nor has it been shown by the evidence that the financial needs of the children have decreased to the point where less support would be required of the father. Accordingly, we conclude that the trial court's order reducing the father's support payments from $150 to $100 per month per child was plainly and palpably erroneous. This case is therefore reversed and remanded with directions that the support provisions of the original decree,i.e. $150 per month per child, be reinstated.
The wife has requested a reasonable attorney's fee. A fee of $500 is hereby awarded.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.