This is an appeal from a modification of an award of child support.
The wife petitioned the Circuit Court of Jefferson County, Bessemer Division, for an increase in child support from $150 to $250 per month and for the payment of hospitalization insurance premiums. After an ore tenus hearing, the petition was granted. Upon denial of the husband's motion for a new trial, appeal was taken.
The dispositive issues on appeal are:
(1) Whether the trial court erred in failing to recuse himself;
(2) Whether the trial court abused its discretion in overruling the husband's motion for a continuance; and
(3) Whether the award is so unsupported by the evidence as to be plainly and palpably wrong. We find no errors and affirm.
As a preliminary matter we note that the wife contends this court is limited in its scope of appellate review to those matters contained in the order from which the husband appealed,i.e., the order denying his motion for a new trial. It is argued that because the husband designated that he was appealing from this order in his notice of appeal, such designation precludes appellate inquiry into other matters which, although properly preserved as error below, were not asserted as grounds for reversal in the motion for a new trial. Although this was once the law of Alabama, see State v. Ward,293 Ala. 516, 306 So.2d 265 (1975), under our Rules of Appellate Procedure, it is not so today. *Page 1117 
Rule 3 (c), ARAP, expressly requires, among other things, that the notice of appeal designate the judgment, order, or part thereof appealed from. However, the rule further provides that "such designation of judgment or order shall not . . . limit the scope of appellate review." Rule 3 (c), ARAP, in addition, pursuant to Rule 4 (a)(3), any error which was asserted in the trial court may be raised on appeal without regard to whether such error was raised by post trial motion. Rule 4 (a)(3), ARAP.
For these reasons, the issues presented in the husband's brief are properly within the scope of our review.
 I
Prior to the examination of witnesses in this case, the husband unsuccessfully moved the court to recuse himself. As a basis for the motion, the husband's attorney argued that because he was a political opponent of the trial judge at the time the judge last ran for office and since the husband was the attorney's campaign manager, the judge's impartiality might reasonably be questioned. After hearing the matter, at which time the judge in essence stated that he neither knew the husband nor did he recollect his political activities, the judge denied the motion. We find no error here.
Canon 3 (C)(1) provides in part that a judge should recuse himself in a proceeding in which his impartiality might reasonably be questioned in instances where he has personal bias or prejudice concerning a party. Canon 3 (C)(1)(a), Canons of Judicial Ethics (1976). Such prejudice is not presumed.Wells v. Wells, Ala.Civ.App., 346 So.2d 442, cert. denied, Ala., 346 So.2d 444 (1977); and it is incumbent on the moving party to prove that the bias is of a personal nature. Pannellv. State, Ala.Crim.App., 356 So.2d 219, cert. denied,356 So.2d 222 (1977).
Recusal is not required by mere accusation of bias unsupported by substantial fact. Wallace v. Wallace, Ala.Civ.App., 352 So.2d 1376 (1977).
Furthermore, without setting forth the facts in detail, we are of the opinion that after carefully reviewing the record, the husband's allegations of personal prejudice are unsupported by any facts, much less those which are substantial. Contra,Wallace, supra.
 II
The husband, through able counsel, next contends that the trial court abused its discretion in overruling the motion for a continuance. The husband maintains that, for business reasons, he was absent from Bessemer on the day of the trial and thus the continuance should have been granted. We find no error in this regard.
It is well settled in Alabama that the trial court is vested with wide discretion in the conduct of trials. See, e.g., OldSouthern Life Ins. Co. v. Free, 46 Ala. App. 622, 247 So.2d 379
(1971). The denial of a motion for a continuance will not be reviewed except for gross abuse. Johnson Pub. Co. v. Davis,271 Ala. 474, 124 So.2d 441 (1960).
In this case, the husband's initial request for continuance did not come until the day of the trial although he knew twenty-three days beforehand that his out-of-town meeting was in conflict with the trial. In view of the circumstances, we find no such abuse as to require reversal.
 III
The husband, through able counsel, contends that the trial court abused its discretion in increasing the amount of the award because there was no credible evidence presented to support a finding of a material change of circumstances or any evidence showing his ability to meet the additional financial burden. We disagree.
A decree of modification, rendered after an ore tenus
hearing, will not be disturbed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong.Strother v. Strother, Ala.Civ.App., 355 So.2d 731 (1978). *Page 1118 
The proponent of a modification petition has the burden of proving a material change of circumstances. McEntire v.McEntire, Ala.Civ.App., 345 So.2d 316 (1977). In this regard, there is evidence to support the award.
Upon the trial of this case, the wife testified that she was receiving $150 per month for the support of the parties' two minor children. The children are ages six and eleven. She stated that the husband's income was approximately $13,200 annually at the time of the award.
The record further reveals that evidence was presented which indicates that the increased costs of food, clothing, transportation, and medical care justified the award. There was evidence that the six year old had enrolled in elementary school and that the eleven year old daughter was participating in school activities all to the added expense of the mother. There was further testimony, corroborated by the wife's father, that she was in some degree dependent upon her father for supplementary income due to the needs of the children. Where, as here, the increased age of the children and the correlative increase in the need for support, together with the increase in the cost of living due to inflation, is sufficient to constitute a material change in circumstances as to permit an increase in the amount of child support. Howard v. Howard,53 Ala. App. 426, 301 So.2d 191 (1974); Jones v. Jones, 53 Ala. App. 309, 299 So.2d 751 (1974). Thus, we cannot say that the award is so unsupported by the evidence as to be plainly and palpably wrong.
With regard to the husband's ability to pay, it is contended that the evidence shows that he voluntarily left his position with his employer, the Jefferson County Sheriff's Department in order to take a job as a labor union official which did not materialize. Therefore, he contends he is unemployed and financially unable to pay the modified allowance. We do not agree.
A father has a continuous duty to support and maintain his children. Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854
(1966).
Although a court cannot compel one to work, the ability to earn, as opposed to actual earning, is a proper factor to be considered in the determination of the amount of child support to be awarded. See, e.g., Brock v. Brock, 281 Ala. 525,205 So.2d 903 (1967).
In the instant case, there is evidence that the husband had an established ability to earn $13,200 annually. The record indicates that at the time of the trial, he was seeking election to a salaried position as a union official. In addition, testimony at trial indicates that it was by no means certain that he would not be employed in the position for which he originally left the sheriff's department, i.e., a position which has a salary of some $17,000 per year. In view of the fact that the voluntary termination of employment did not diminish the husband's duty to support his children, or his ability to do so, we are of the opinion that the increase of the amount of support from $150 to $250 per month was within his demonstrated financial means and thus, we find no abuse of discretion by the learned judge.
The wife has requested an award of an attorney's fee for representation on appeal. A fee of $500 is awarded.
For the foregoing reasons, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.