This is a child support case.
The former wife filed a petition in the Circuit Court of Marshall County seeking an increase in the husband's child support obligations as set forth in the prior divorce decree. The trial court, after an ore tenus hearing, increased the amount of child support from $60 every two weeks to $75 every two weeks. Computing this on a monthly basis, the husband's obligations were increased from $130 to $162.50 per month. The wife appeals.
The dispositive issue is whether the trial court erred to reversal in failing to award a more substantial increase in child support. We affirm.
The record reveals the following: The parties were divorced on January 25, 1974. The wife was awarded custody of the two minor children of the marriage who, at the time were twelve and eight years of age. An agreement between the parties calling for the husband to pay $60 every two weeks in child support was incorporated into the decree of divorce.
In 1974, the husband's income was $456 per month. At the time of the hearing on the petition to modify the husband's income had increased to $1,260 per month gross, or $907 per month take home pay. The husband put forth evidence of monthly living expenses totaling $753. When the $130 per month child support obligation existing at that time is also computed, the husband's recurring monthly obligations totaled $883.
The wife testified she had very recently changed jobs. At her previous employment she grossed $600 per month. She had only received one pay check from her new position, which paid on a percentage of sales basis, and this amounted to $120 take home pay for two weeks work. She testified as to her monthly living expenses which totaled in excess of $800 per month.
The mother bottomed her petition to modify upon the premise that the child support awarded in the original decree had become inadequate due to inflation and the increased age of the minor children. As indicated, the learned trial judge granted the petition, raising the child support payments some $30 per month. *Page 739 
At the outset, we note that a trial court's modification of a prior decree for child support, because of changed circumstances of the parties, is a matter within that court's discretion. We will not reverse on review unless the trial court's determination is so unsupported by the evidence as to be plainly and palpably wrong. Bill v. Bill, Ala.Civ.App.,370 So.2d 1023 (1979).
This court has committed itself to the principles that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification.Howard v. Howard, 53 Ala. App. 426, 301 So.2d 191 (1974); Jonesv. Jones, 53 Ala. App. 309, 299 So.2d 751 (1974).
This being so, on the above facts, there was no error in increasing the husband's obligation. However, the wife asks us to reverse, claiming the increase was insufficient to meet the children's needs.
While agreeing that $162 per month is hardly sufficient to provide all the needs of two teen-aged children, we cannot in this instance say that the trial judge abused his discretion. Although the trial court's primary consideration was properly the best interest and welfare of the children, he nevertheless could not ignore the ability of the father to pay in fashioning his judgment. Howard v. Howard, supra.
In neither Howard nor Jones, where we cited the age and inflation factor in upholding more substantial increases in child support awards, did we have before us a record such as we have today. Indeed, in Jones, we noted the record was totally devoid of any evidence indicating an inability to pay. InHoward, the husband was a surgeon with substantial income. Here, the father presented figures which showed his total expenses and debts very nearly equalled his monthly take home pay. When the increased child support award is added, his monthly obligations will exceed this income.
The wife, in an excellent brief filed by her able counsel, also argues that the trial court relied on an incorrect inference from certain testimony in fixing the increase.
Specifically, she points to certain parts of her testimony wherein she refused to identify a "gentleman friend" who had once supplied her with an automobile she had since returned. When pressed as to who had bought it, she would say no more than "a gentleman friend that I had intentions to marry."
In a colloquy with the attorneys just before adjournment, the trial judge at first indicated that because of the wife's failure to answer "the court will have to infer that she's as able to support the children as her husband." When this was challenged by the wife's attorney, the trial judge observed, "Well, I'm just pointing out to you possible inference from the evidence."
Both parties argue the logical basis of this inference as well as its applicability to the issues at hand. We agree that a comparison of the parents' income is not the proper criteria for determining the amount of support required of the father. Furthermore, any possible income of the mother does not diminish the father's primary legal and moral duty to support his minor children. Bill v. Bill, supra. However, we do not feel that in this instance the trial judge's statement as topossible inferences warrants reversal.
As already discussed, there was independent legal evidence before the trial court to justify the small increase awarded. The presumption of correctness afforded where an ore tenus
hearing is held is overcome only if the decree is unsupported by any legal evidence. Miller v. Parker, 53 Ala. App. 312,299 So.2d 754 (1974). Furthermore, it is our duty to affirm the decree when it is fairly supported by credible evidence, regardless of our own view of that evidence or whether we would have reached a different result had we been the trial judge.Hawkins v. Hawkins, Ala.Civ.App., 346 So.2d 967 (1977).
The trial court failed to award attorney's fees for the service of the wife's *Page 740 
attorney. Award of attorney's fees in cases of this nature to the wife is a matter within the sound discretion of the trial court. Ala. Digest Divorce 223. In this instance, where the record is void of any proof regarding attorney's fees, we find no abuse so as to require reversal.
In view of our affirmance, the wife's request for attorney's fee on appeal is denied. The husband's request for attorney's fee on appeal is also denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.