This is a divorce case.
The wife appeals contending that the trial court abused its discretion in the amount of child support awarded. We find that the trial court did not commit reversible error and affirm.
The record reveals the following: The parties were married for approximately four and one-half years at the time of the divorce. There was one child born of the marriage. The husband is employed as a used car manager and earned approximately $26,000 after taxes in 1978. He is guaranteed $400 per month and earns the remainder of his income from commissions. The wife, prior to and at times during the marriage, was employed as a secretary and earned over $9,000 per year. She was, however, at the time of the trial unemployed.
The trial court, after an ore tenus hearing, made a division of property with the wife receiving approximately $19,500 and awarded her $3,000 as alimony in gross.
The trial court's decree awarded custody of the child to the wife and required the husband to pay $300 per month as child support. Additionally, the husband was ordered to maintain medical and hospital insurance on the child and be responsible for one-half of the child's medical and ordinary dental needs. Finally, the husband was required to keep certain life insurance policies in force on his life with the minor child as irrevocable beneficiary.
On appeal, the wife through able counsel contends that the trial court abused its discretion in making an award of only $300 per month as child support where the husband's income after taxes was approximately $26,000.
When the evidence in a divorce case is heard ore tenus by the trial court, its findings are presumed correct and this court will not substitute its own judgment, even though the court may have a different view of the facts. Johnson v. Johnson, Ala.Civ.App., 360 So.2d 996, writ denied, Ala., 360 So.2d 999
(1978).
Determination of the amount of child support is a matter within the sound discretion of the trial court. Such an award will not be reversed on appeal in the absence of a manifest abuse of discretion. See, Goodman v. Goodman, Ala.Civ.App.,366 So.2d 281 (1979); Plaskett v. Plaskett, Ala.Civ.App.,348 So.2d 784, cert. denied, Ala., 348 So.2d 789 (1977).
In view of the facts stated above, we find no abuse of discretion as to require reversal. See, Hawkins v. Hawkins, Ala.Civ.App., 346 So.2d 967 (1977); Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041 (1977); Howard v. Howard,53 Ala. App. 426, 301 So.2d 191 (1974); Cooley v. Cooley,45 Ala. App. 461, 231 So.2d 915 (1970).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 732