EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves post-divorce modification proceedings for increased child support.
The 1970 divorce judgment approved an agreement of the parties which provided, among other matters, that the husband would pay the amount of $75 every four weeks for the support of each of their two minor children, with the payments to continue until each child reached the age of twenty-one years, became self supporting or married.
In January 1981, the husband filed a motion to reduce the amount of child support payments since one of the children had attained his majority, and, in her answer, the wife admitted that the son was then nineteen years of age. The wife filed a counterclaim for an increase in child support and for her attorney’s fee. The March 27,1981, judgment of the trial court, which was rendered following a trial before the court, terminated support for the adult son and increased support for the minor daughter to $100 per month. Nothing was mentioned therein about the wife’s fee for her attorney. The court later overruled the wife’s motion to alter, amend or reconsider its judgment by increasing the monthly award for maintaining the daughter and by providing attorney’s fees for the wife. The wife timely appeals, and we have been furnished with an excellent brief on her behalf.
In its March 27 judgment, the trial court made the following finding of facts:
At the time of the divorce the children of the parties were eight and four years of age and Mr. Witt was earning approxi *707 mately $15,000.00 a year with the same employer from whom he is currently receiving approximately $24,000.00 per year. The Respondent (Paula Canterbury) is now employed and nets $776.00 per month. Mrs. Canterbury has been remarried and was divorced from her subsequent husband approximately one year ago. She received no support from that husband. Mr. Witt has remarried and has three children by his present wife. He has little or no contact with the children of the former marriage. Mr.« Witt is current in his child support payments.
In addition to these facts, the wife testified as to the accuracy of her written list of monthly expenses of $489 per month for the daughter. However, included in those enumerated monthly expenses were the following items: $200 for food for the daughter, who must eat a high protein diet because of hypoglycemia; $60 for school lunches, which the daughter carries from home to school because of her diet; and $63 as the premium upon a medical policy which insures both the minor daughter and adult son. She stated that, since the divorce, the expenses for maintaining the minor child had increased. The daughter attends public school and a private dance school. The wife had paid her attorney $400.
The husband testified to the following additional facts: That $75 a month is not a sufficient amount to support a minor child, and that he is not able to pay an amount of support equal to or greater than he is presently paying, which obligation causes him difficulty in fulfilling. He cannot afford to purchase clothing either for himself or for his family, which clothing is bought almost exclusively by his in-laws.

Child Support

Other than those facts relative to the bench remarks of the trial judge, the facts in Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979), closely parallel those in the present case. The law there stated is fully applicable here. Accordingly, we will not burden this decision by extensive quotations from that opinion, but affirm the trial court’s judgment regarding child support upon the reasoning in Young.

Fees

The only evidence regarding an award of attorney’s fees was that the wife had paid $400 to her attorney, which is inadequate evidence of the reasonable value of the services of her attorney. The trial court will not be reversed for failing to grant relief for which the evidence, or a substitute for evidence, such as a stipulation, was insufficient. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980); Young v. Young, supra.
The wife’s application for an attorney’s fee upon appeal is denied. Young v. Young, supra; Price v. Price, 360 So.2d 340 (Ala.Civ.App.1978).

Conclusion

We find that the judgment was supported by credible evidence, and it is our duty to affirm regardless of our own view of the testimony or whether we would have reached a different result had we been the trial judge. Young v. Young, supra.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12—18—10(e) of the Code (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.