This is a child support modification case. The wife appeals alleging that the trial court abused its discretion in failing to award a more substantial increase in the husband's support obligations.
The record reveals the following: The parties were divorced in August 1976 by the Circuit Court of Cullman County. By agreement, the wife was awarded custody of the parties' two minor sons, then ages seven and four years. The husband was granted visitation rights on every other weekend, Sundays on the alternate weekends, and two weeks during the summer. In addition to $120 per month child support, the husband agreed to pay one-half of the children's school expenses and reimburse the wife for the cost of medical coverage on the children. Each party was entitled to claim one of the children as a dependent on his/her respective tax return.
In April 1977 the husband filed a petition for a rule nisi against the wife regarding visitation rights. In October 1977 the wife petitioned for a modification of the original decree. On October 24, 1977, the court considered both petitions and entered a judgment pursuant to an agreement between *Page 135 
the parties. The visitation rights were modified to allow the husband an extra week of visitation during the summer and place the expense of transporting the children on the husband. The husband was relieved of the obligation to pay one-half of the children's school expenses. In lieu thereof, his support payments were increased to $130 per month. The responsibility for obtaining medical and hospital insurance on the children was placed upon the husband.
In August 1980 the wife filed a petition for modification of the child support payments. She alleged a material change in circumstances in that the expenses of raising the two children have increased due to their increased ages and the impact of inflation. The trial court, after an ore tenus hearing, rendered its judgment on April 20, 1981, increasing the husband's support payments from $130 per month to $150 per month. The wife appeals from this judgment asserting that the trial court abused its discretion in failing to award a more substantial increase.
The wife testified that she is now remarried to a self-employed auto mechanic. She is employed as a secretary in Birmingham and commutes from Cullman. Her salary is $885 per month. It is her testimony that expenses for the two boys are $834 per month. This figure was arrived at by attributing one-fourth of her four-member household's expenses to each child. It also includes expenses which are attributable to the wife's commuting to work. The trial court apparently took judicial notice of the impact of inflation on the cost of raising two boys.
The husband testified that his after-tax income for 1978 was approximately $15,000. In 1979 it was approximately $16,000. In 1980 he worked for Kenlock Coal Company until August and drew unemployment until mid-October when he moved to Texas to obtain work there. His net pay for 1980 was approximately $19,000. The husband's job as a carpenter in Texas will terminate when the current project is finished, between four and six months from the date of the hearing. He testified that he did not then have further employment secured. In 1981 the husband has received approximately $350 per week, but such pay is contingent upon weather conditions. The husband's employment provides no sick pay. Income of $18,352 for the year 1981 would be realized only if the husband worked every week for fifty-two weeks. He testified that monthly expenses for himself and his new wife are $1,339 per month.
Modification of a decree for child support, based on changed circumstances, is a matter within the discretion of the trial court. Green v. Green, 380 So.2d 884 (Ala.Civ.App. 1980). In determining whether there has been a material change in circumstances justifying a modification of support, a court may properly take judicial notice of an increase in the cost of living due to inflation. Inman v. Inman, 370 So.2d 1037
(Ala.Civ.App. 1979). An increase in the age of minor children and a correlative increase in their support needs, along with the effects of inflation, are sufficient to support a modification of a prior decree for child support. Young v.Young, 376 So.2d 737 (Ala.Civ.App. 1979).
The wife contends that the increase was not sufficient to meet the children's needs. The standard for setting child support is the needs of the children compared with the ability of the parent to respond to that need. Ex parte Boley,392 So.2d 840 (Ala. 1981). The prospective or possible decrease in future earnings may be considered but should not overcome the present need of the children and the present ability of the parent to pay. Decreased earnings in the future provide the basis for a request for modification at the time. Based on need and present ability to pay, we find the award of $150 per month for the children to be grossly insufficient. The father is able to claim more as a deduction on his income tax return than he contributes for one child. We therefore reverse and remand for reconsideration in light of this decision, and the taking of additional testimony if deemed necessary. *Page 136 
The sum of $300 is hereby granted to appellant as a reasonable attorney fee on appeal.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.