BRADLEY, Judge.
This is a child support modification ease.
The parties to this appeal were divorced in April 1977. There were two minor children resulting from the marriage. In 1978 the defendant-father was ordered to pay $150 per month as child support. In July 1981 the plaintiff-mother filed a petition in the Circuit Court of Mobile County seeking an increase in child support and other relief. After a hearing the court increased the child support for the two minor children to $98 a week and awarded the plaintiff an attorney’s fee of $150. From the order increasing the child support payments and the order awarding an attorney’s fee, defendant appeals to this court.
In brief defendant says that the increase in child support is excessive and amounts to an abuse of discretion. He also says that the award of an attorney’s fee to the wife was an abuse of discretion.
Modification of a prior child support award will be made only on proof of changed circumstances, and the burden of proof rests on the one seeking modification. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App. 1981). The judgment of the trier of fact in a child support modification case will not be disturbed unless the evidence shows it to be plainly wrong. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App.1979). An increase in the age of minor children and a correlative increase in the need for support, when coupled with an increase in the cost of living due to inflation is sufficient to constitute a material change of circumstances so as to support a modification of a prior child support award. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
The evidence in the case at bar shows both the children to be in need of orthodontic treatment; they attend a parochial school where the tuition is $85 per month for both children; and their food, clothing and other expenses have increased.
The evidence also revealed that the father was employed earning about $1,550 per month. His monthly income in 1978 was about $1,200 per month. Defendant stated that he would be willing to have the child support increased to $200 per month.
Based on the evidence heard by the trier of fact, we cannot say that his decree increasing the child support for the two children to $98 a week is plainly wrong.
Defendant’s second issue is that the trial court abused its discretion in awarding the plaintiff $150 as an attorney’s fee.
The award of an attorney’s fee to the mother in a child support modification proceeding is a matter within the sound discretion of the trial court. Young v. Young, supra. An award of $150 to the mother as an attorney’s fee in this case is not an abuse of discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.