The parties to this appeal were divorced in 1979 and the custody of their two children was awarded to the mother. The father was ordered to pay $70 a week as child support for the two children, and he was awarded reasonable visitation privileges.
In January 1981 the father was ordered to pay $1,200 in monthly installments of $100 to the mother for child support arrearage and he was given more specific visitation privileges with his children, including three weeks during the summer.
In January 1983 the father filed a petition seeking a reduction in his child support payments on the ground that he was not working and could not pay $70 a week. The mother counterclaimed by asking that the father be held in contempt for failure to pay child support and causing her to lose an automobile that she had been awarded in the divorce decree.
After an ore tenus hearing, the trial court found the father in contempt for failing to pay child support in the amount of $1,670, found that the father had been able to pay the child support had he but tried, and gave the father sixty days to pay the arrearage. No other sanction was imposed. The court also awarded the mother $295 as the value of the automobile she lost and denied the father's request for a reduction in child support and his request for a more specific visitation schedule. The father appeals the denial of his petition for modification and the order holding him in contempt for failing to pay $1,670 in child support.
The father argues here that he is out of work, has very few assets, has filed a petition in bankruptcy, and that he cannot pay the child support arrearage and should not have been held in contempt.
The evidence shows that the father is a pipefitter and earned $24,000 in 1979, $15,000 in 1980, $9,000 in 1981, and $11,000 in 1982. The father stated that he has not *Page 173 
worked since June 1982, although he has looked for work in many places but has not been able to secure work as a pipefitter. He says that he is behind in his mobile home payments and fears the mobile home will be repossessed. His only other asset is a 1968 automobile worth about $400.
Review of a judgment of contempt is by way of certiorari if the contemnor is not in jail, not by appeal. Foster v. Foster,409 So.2d 833 (Ala.Civ.App. 1981). Scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence but only to whether the decree is supported by some evidence. Matthews v. Matthews,404 So.2d 692 (Ala.Civ.App. 1981). Although the father has not used the proper vehicle for review of his contempt citation, we can and will consider his appeal as a request for certiorari in order to review his argument. Wilson v. Freeman, 376 So.2d 1096
(Ala.Civ.App. 1979), cert. denied, 376 So.2d 1099 (Ala. 1979).
Inability to comply with a child support decree or noncontumacious failure to so comply, if proven to the court's satisfaction, will avoid a finding of contempt. Cooper v.Cooper, 401 So.2d 99 (Ala.Civ.App. 1981). The father testified that he had not worked since June 1982, was about to lose his mobile home because he could not make the mortgage payments, and had no assets other than a $400 automobile; yet, he earned $11,000 in 1982.
Although the father, at times, seems to be arguing that he is presently unable to pay the arrearage of $1,670 established by the trial court, he clearly states the issue in brief to be that the trial court erred in holding him in contempt for not paying the child support when it became due. Moreover, this appears to be the basis of the trial court's judgment because it found that the father had been able to make the payments but had failed to do so.[1] We believe the evidence in the record supports such a finding.
The father's next contention is that the trial court erred by not terminating or reducing the child support payments he had been ordered to make in the divorce decree.
The modification of a child support decree based on changed circumstances is within the sound discretion of the trial court, and its judgment will not be reversed except for a plain abuse of that discretion. Williamson v. Williamson,391 So.2d 115 (Ala.Civ.App. 1980). The burden of establishing the conditions authorizing a modification of a child support decree rests on the moving party. Taylor v. Taylor, 418 So.2d 148
(Ala.Civ.App. 1982).
The standard for setting child support is the needs of the children compared with the ability of the parent to respond to those needs. Williamson v. Chappell, 408 So.2d 134
(Ala.Civ.App. 1981). The father submits that he is presently unable to respond to the needs of his children because he is out of work. The evidence shows that the father has been out of work for about one-half of the year 1982, yet he earned $11,000 during that year. The arrearage occurred in 1982, while he was out of work, and amounts to $1,670. The trial court could have concluded that the father could have paid the child support out of the $11,000 he earned in 1982.
The father testified in support of his position that he is a pipefitter and belongs to a union. For the last six months he has contacted his union about jobs in many different places. Based on the evidence in the record, the trial court could have concluded, however, that the father had sought work only as a union pipefitter and had not attempted to obtain other type work. There was nothing in the record to indicate that the father could not do other kinds of work. Moreover, the ability to work and earn as opposed to actually working is a factor for the trial court to consider *Page 174 
along with all the other evidence in the record. Reach v.Reach, 378 So.2d 1115 (Ala.Civ.App. 1979), cert. denied,378 So.2d 1118 (Ala. 1980). We find no reason to say that the trial court abused its discretion in refusing to terminate or reduce the child support payments.
Lastly, the father says that the trial court erred in refusing to more specifically prescribe the times of his child visitation. He says that he is presently allowed "reasonable rights of visitation" and this schedule has not been satisfactory.
A prior decree gave the father three weeks in the summer and other specified visitation times and places. The trial court has wide discretion in the settlement of visitation rights for the noncustodial parent. Allen v. Allen, 385 So.2d 1323
(Ala.Civ.App. 1980). And each case must be decided on its own peculiar facts and personalities. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967). We do not find that the trial court abused its discretion by not further modifying the visitation rights of the father.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] After holding the father in contempt, the court gave him sixty days to pay the arrearage. No other sanctions were imposed.