This appeal is from a decree requiring a father to support an adult mentally disabled child.
The mother and father were divorced in 1981 and the mother was awarded custody of and support for this child. In July 1986 the mother filed a petition seeking a modification of the support order to require the father to support the child after she attained her majority. After a hearing the trial court ordered the father to continue supporting his daughter after she reached majority at the rate of $200 per month and until further orders of the court. As a condition of the award, the trial court ordered that the daughter attend "whatever rehabilitation or counseling services are available in order to train herself for some sort of employment." Postjudgment motions were filed by the father. In response, the trial court amended its modification order to require the mother to report to the court on the tenth of each month about the counseling, rehabilitation, and employment of the daughter. The father appeals.
The father argues in brief that the trial court erred in finding that the daughter was so mentally deficient or disabled as to be entitled to support after she reached her majority.
A parent may be required to support a mentally or physically disabled child who is unable to care for herself beyond her majority. Ex parte Brewington, 445 So.2d 294 (Ala. 1983);Martin v. Martin, 494 So.2d 97 (Ala.Civ.App. 1986).
The evidence reveals that the child has been classified as trainable mentally retarded. The school tests completed by the child show that she cannot make change and that she cannot wait tables. It was stated that she could not hold down a job except in a controlled workshop-type environment. Moreover, the child cannot live alone and take care of herself.
After completing school, the child was placed in the Wiregrass Rehabilitation Center where she could do simple tasks in a sheltered workshop. She received only room and board.
The mother testified that she has to provide clothes and spending money for the child. The mother also stated that she had seen no improvement in her daughter since she had been at the rehabilitation center.
Modification of child support is within the sound discretion of the trial court, and its decision will not be set aside except for a plain and palpable abuse of discretion.Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App. 1979).
Based on the evidence in the record, we are unable to say that the trial court abused its discretion in requiring the father to continue to support his mentally retarded daughter. Especially is this true in view of the trial court's requirement that the child submit to counseling and rehabilitative services where available, and the mother is required to report to the court each month as to counseling and other *Page 527 
helpful programs as well as any employment.
The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.