MOORE, Judge,
concurring specially.
The Alabama Judicial Inquiry Commission (“JIC”) has issued an opinion advising that a judge should recuse “from any case in which a party is represented by an attorney opposing the judge in the judge’s political campaign for re-election where the initial appearance of the attorney on behalf of the party in the case occurred after the attorney had announced his candidacy for the judge’s position.” JIC Advisory Opinion No. 94-520 (March 25, 1994); see also JIC Advisory Opinion No. 98-694 (May 15, 1998). In a special writing, Justice See opined that a judge should recuse himself or herself from hearing a case in which his or her active political opponent acts as counsel for one of the parties. See Ex parte Moore, 773 So.2d 437, 439 (Ala.2000) (See, J., statement of recusal). However, binding caselaw from this court indicates that a judge is not necessarily required to recuse himself or herself from a case based solely on the fact that counsel for one of the parties has announced or has qualified to run against the judge for his or her judgeship. See Baldwin v. Baldwin, 160 So.3d 34 (Ala.Civ.App.2014); Curvin v. Curvin, 6 So.3d 1165 (Ala.Civ.App.2008); and Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979). Nevertheless, Judge Brenda Stedham, on her own motion, recused herself in numerous cases in which Peggy P. Miller Lacher was acting as counsel after Lacher qualified to run against Judge Stedham for her judge *84 ship, stating in each order of recusal that she wanted to avoid any appearance of impropriety. See Canon 2, Canons of Jud. Ethics.
Aware that Judge Stedham had recused herself in those other cases, Arthur F. Fite III associated Lacher in a five-year-old domestic-relations case that had only recently been placed on the court’s active docket. Fite, who represents Andra Thacker, associated Lacher approximately 1 month after Judge Stedham announced her intent to set the case for trial within the next 60 days. Fite acknowledged that, when he elected to associate Lacher, he knew that Judge Stedham would likely recuse herself as she had in the other cases. Lacher almost immediately filed a motion to recuse after Judge Stedham did not recuse herself on her own motion like she had done in the other cases. Judge Stedham refused to grant the motion, ruling instead that Lacher should withdraw in order to assure that the case would proceed to trial as planned and stating that Lacher’s withdrawal would render the motion to recuse moot.
Based on the foregoing, Thacker filed a petition for a writ of mandamus in this court, asserting that Judge Stedham has deprived her of the right to select her own counsel by disqualifying Lacher .and that Judge Stedham should recuse herself from the case based on Lacher’s appearance. I agree with the main opinion that the petition for a writ of mandamus should be denied. It appears from the materials submitted to this court that Fite associated Lacher knowing that that association would cause Judge Stedham to recuse herself and, thus, require the reassignment of the case to a different judge. Although I do not necessarily agree that Judge Sted-ham would have had to recuse herself based solely on Lacher’s appearance, I do agree, based on the circumstances as set out in the materials before this court, that Judge Stedham acted within her authority and discretion in disqualifying Lacher in order to avoid any ruling on the recusal motion. A judge should always act to prevent conduct prejudicial to the administration of justice. See Canon 2.B., Canons of Jud. Ethics.