The issue involves the judicial discretion of the trial court in the award of periodic alimony and in the division of property as to divorce litigation. We affirm. *Page 1039 
The wife, who has again appealed, was successful in her first appeal of this case. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980). Therein the trial court's original judgment was reversed and remanded for that court to reconsider and redetermine periodic alimony and the division of property. No additional evidence was presented to the trial court after the first appeal; hence, the facts and law as were established and set forth in this court's opinion in the first Mack case are still applicable and appropriate and will not be recopied herein.
After remand the trial court amended its original judgment in the following respects: (a) alimony was increased from $200 per month for one hundred twenty-one months, but it terminated upon her death or remarriage, to "$400 per month until her death, remarriage, or the further orders of the court;" (b) the wife was awarded the home of the parties in its entirety, subject to the outstanding mortgage thereon, which the wife was ordered to assume and pay. The previous evidence was that the home was worth about $80,000 and that, in January 1979, approximately $26,000 was due on its mortgage, payable by $215.60 monthly installments; and (c) the wife was further granted the household furniture and furnishings which were not acquired from the husband's family, her part being appraised at $12,000.
By the original divorce judgment, items awarded to the wife in (b) and (c) above had been ordered sold and the net proceeds divided equally between the parties.
The critical problem is whether the trial court again abused its discretion as contended by the wife's most learned, respected and competent counsel.
Where the trial court orally hears the evidence, the award of property and alimony in its judgment is presumed to be correct, and we may not reverse unless there is a palpable abuse of that court's discretion. Mack v. Mack, supra. "`Palpable' means `[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.'" Snow v. Snow,393 So.2d 1020 (Ala.Civ.App. 1981). There exists no palpable abuse of trial court discretion when the collective minds of an appellate court are uncertain and waver in balance as to whether the award of alimony and/or the division of property by the trial court was fair and equitable according to the nature of the case after a due consideration of all of the appropriate factors. Here, we are left in that state of uncertainty and it is not now easily perceptible, plain or obvious that the trial court was in error in rendering the latest judgment. Therefore, since we are not authorized to substitute our judgment for that of the trial court, we are required to affirm. There was no palpable abuse of discretion by the trial court.
The circuit court granted the husband's motion that the record on this appeal be supplemented by adding to the record all proceedings occurring up to February 10, 1981, when the judgment appealed from was rendered and entered. The wife has moved that the supplemental record be stricken. We overrule her motion; however, since nothing appearing in that supplemental record is concerned with either periodic alimony or a just division of the property, that record had no effect, either pro or con, upon our decision on this appeal.
The wife's request for attorney's fee on appeal is denied.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1040