EDWARD N. SCRUGGS, Retired Circuit Judge.
This case is concerned with the modification of an original child support judgment.
The November, 1974, divorce judgment approved the agreement of the parties whereby the plaintiff (mother) was granted custody of the two children who were respectively two and one-half years and four months of age. It was further provided that the defendant (father) would pay child support amounting to $200 monthly. In April, 1975, the father sought a reduction in child support because of his income; however, it was later stipulated that the original support judgment would remain in effect. The father was adjudged to be in contempt of court in July, 1975, for his failure to pay the ordered child support.
The latest controversy arose when the mother sought an increase in child support and the husband asked for a reduction thereof. After both parties testified before the trial court at a January, 1982, trial, a judgment was rendered which increased the monthly support payments to be paid by the father to $250 per month. He appeals. We affirm.
In viewing the evidence with the attendant presumptions which we must give to the findings of the trial court, the following pertinent facts are revealed: The general cost of living and the specific cost of raising the children, including school expenses and clothing, have each increased since 1974. At the time of the divorce, neither of the children attended school, but now both are enrolled as students. Their school lunches cost ninety cents daily for each child.
The mother’s monthly take home salary is $798.
In 1974, the husband’s income was around $450 monthly. The husband testified that he had been employed as an agent for an insurance company for fifteen months. For the first year in that job, the whole of 1981, he was learning the business and was just getting started, with a resulting income for that year of $4,100. Prior to becoming an insurance agent, he had left his employment at an advertising agency by mutual agreement because of a disagreement with the manager. There, his salary was far more than his 1981 income. Now he does not pay any office rent nor does he contribute towards secretarial salaries. The father bought a home two years ago which resulted in a $40,000 mortgage with monthly payments thereon of $416. He purchased a 1981 automobile about a year ago for $8,400.
Both parties testified that $200 per month is inadequate to support the children. The mother requested an increase to $250 per month and the father testified that he was not able to pay more than $200 monthly. At the conclusion of the trial, the trial court observed that it was the responsibility of both of the parents to support the children and that, even on a 50-50 basis, the amount of $250 per month from the father would be a reasonable amount. The father appeals and contends that the monthly increase from $200 to $250 was not justified in view of his inability to pay. The father raises no question over the needs of the children but argues that there was inadequate proof of his ability to pay the additional $50 per month in child support.
An increase in the age of minor children and a correlative increase in their need for support, when coupled with increases in the cost of living due to inflation, constitute a material change in circumstances. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
“The conditions and circumstances, of the parties, though pertinent, are not the controlling criteria in determining the changed needs of the children. It is the material change in the needs, conditions and circumstances of the children that is the most pertinent factor in considering modification of a decree of support. That factor coupled with the father’s financial ability to meet such needs determines the basis for modification. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.”
Womble v. Wombie, 56 Ala.App. 318, 321, 321 So.2d 660, 662, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975).
*124 The circuit court heard the witnesses testify. Accordingly, the modification of the original judgment for child support because of changed circumstances was a matter within the trial court’s discretion and will not be reversed on appeal unless it was so unsupported by the evidence as to be palpably wrong. Bill v. Bill, 370 So.2d 1023 (Ala.Civ.App.1979). A reversal on the ground that a trial court’s judgment was plainly and palpably wrong must be founded upon the appellate court’s conclusion that the evidence virtually compels a different result from that reached by the trial court. Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976). Stated differently, there is no obvious abuse of the judicial discretion of a trial court “when the collective minds of an appellate court are uncertain and waver in balance” as to whether an increase in child support was justified or not under all of the evidence. Mack v. Mack, 402 So.2d 1038 (Ala.Civ.App.1981).
In this case, we have that uncertainty. After viewing the totality of the' circumstances, it is not distinct, plain, obvious or readily noticeable that the trial court incorrectly raised the support payments. As to the judgment appealed from, we find no palpable abuse of the trial court’s discretion and we must affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.