EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
By an August, 1981, judgment Mr. Fuller, the father of four minor children, was ordered to pay $450 monthly for their support. The trial court determined that his take home pay at that time was approximately $780 per month.
I
In April, 1982, the father sought a reduction in child support to $300 per month. The evidentiary hearing thereon was conducted before the trial court. In viewing the record with the attendant presumptions accorded to the trial court’s action, the following is revealed.
One of the sons was accidentally killed in November, 1981, and the father’s biweekly pay check was reduced by $20 because of increased federal taxes withheld therefrom because of one less claimed dependent. Also, a reduction in force by his employer caused a change in jobs by the father with a fifty cent per hour cut in wages. He earned over $18,000 in 1981, but, in the first three months of 1982, he had already received over $5,000 as wages. His present net biweekly paycheck is $327. A substantial deduction is made from his earnings for credit union debts. His gross wage is normally $751 every two weeks.
The wife’s biweekly earnings are $285, less social security, income taxes and retirement.
The remaining three children are now 14, 10 and 8 years of age. The mother and children reside in subsidized housing where their rent is $177 per month. She testified that the living expenses for herself and the three children consume her entire salary plus the $450 each month that she receives from the father as child support.
The trial court denied modification of child support payments as sought by the father’s petition. The father appealed.
Any modification of the child support provisions of the August, 1981, judgment was largely a factual issue which fell within the sound judicial discretion of the trial court whose decision thereon is presumed to be correct. This court is not authorized to disturb that court’s failure to modify unless such holding was so unsupported by the evidence as to be palpably wrong. Lonnergan v. Lonnergan, 421 So.2d 122 (Ala.Civ.App.1982); Bill v. Bill, 370 So.2d 1023 (Ala.Civ.App.1979). The decision of the trial court is upheld by the evidence. The denial of the father’s petition to modify was neither palpably wrong nor did it constitute an abuse of discretion.
II
As a result of the wrongful death of the minor son, the father received $17,000 in a settlement from an insurance company. Therefrom, he paid the following: $200 upon the son’s funeral expenses; $2,000 to his father as repayment of a loan; $2,500 as payment of a credit union note; and $10,-000 was invested in a certificate of deposit. He could not account for the balance of the settlement proceeds.
Regarding the $10,000 certificate of deposit, the father testified in response to interrogation by his attorney that he planned to utilize that investment and the interest earned therefrom for the children’s education and that he was willing for the circuit court to incorporate a requirement into a judgment that such money be used for the formal education of the children. Upon cross-examination, he stated that he intended to hold the entire $10,000 and all interest thereon for the benefit of the children and that he was willing that the trial *96 court declare that such money belonged to the three surviving children. He was of the opinion that, if such was ordered, he would be relieved thereby from income tax responsibility as to the interest thereon.
The mother testified that, while she had no objection to the father’s creation of such formal education fund, she had some reservations about his use of the money if it remained in his name.
At the conclusion of the evidentiary hearing, the trial court took the matter under advisement. On the same date as the trial, the father filed a written motion to withdraw and strike his oral amendment which amendment requested that the trial court render a judgment declaring that the certificate of deposit be used for the education of the children.
The ultimate outcome as to that issue was that, at a later date, the circuit court ordered that the certificate of deposit be forthwith delivered to the deputy register of the court to be held in a trust account for the use and benefit of the children’s education subject to further orders of the court. That portion of the judgment is also raised as an issue upon the father’s appeal.
When the trial court rendered its judgment as to the certificate of deposit, that judgment effectively disallowed the father’s motion to strike or withdraw the matters concerning the certificate of deposit. Regarding that motion, the circuit court had a judicial discretion to exercise. In substance, the motion constituted an amended pleading which the trial court in its discretion could have disallowed in the interest of justice. Rule 15(a), A.R.Civ.P. The circuit court could have been of the opinion that the father’s testimony waived many substantive roadblocks and that it would be inequitable after the trial to permit the withdrawal of his offer concerning the investment for the children’s formal education just because the father changed his mind. We find no abuse of discretion as to the issue by the trial court, especially in view of the nature of the offer which was initiated and made by the father in his testimony and which issue was uncontested. The testimony of the parties was such that it could be regarded as the equivalent of their stipulation or agreement upon that matter. The trial court’s decision only approved what the husband had proposed and developed by his own evidence, and whether he should have been allowed to withdraw that proposal after the trial was concluded and after the case had been taken under advisement by the circuit court was a matter for the trial court to decide. The posture of this case does not permit a reversal upon such issue for we find no abuse of discretion by the trial court.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.