EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The husband appeals and raises three issues.
I
In the wife’s divorce complaint, she averred that she is the lawful wife of the husband, that they were married in 1957 in Jackson, Mississippi, and that, during this marriage six children, who are now adults, were born to the parties. Those allegations of facts were admitted by the husband’s answer. Midway through the trial, the husband sought to elicit evidence from the wife, as well as to testify himself, to the effect that he had never been divorced as to a prior marriage. The trial court sustained *795 an objection which raised among its grounds that the husband’s answer to the complaint had admitted the validity of the marriage of the parties and that there was no pleading attacking its legality. The trial court sustained the objection, and the trial proceeded upon other matters.
Until the trial was half completed, the case was at issue, for the parties litigant had defined the issues to be tried by their pleadings. The validity of the twenty-seven-year-old marriage of the parties as averred by the wife in her complaint was admitted by the husband in his answer. During the trial, the only three methods by which the legality of their marriage could then become an issue would be through either an amendment of the husband’s answer, a trial of that issue by the express or implied consent of the parties, or by an amendment of a pre-trial order. 6 Wright & Miller, Federal Practice and Procedure §§ 1491 and 1492 (1971).
Because of the wife’s objection, that particular issue was not tried by consent of the parties. There was no pre-trial order in this case. The husband never amended, nor attempted to amend, his answer, nor did he request permission from the trial court, or otherwise offer, to amend. Therefore, none of the three alternatives may be considered. In this case the trial court did not disallow any amendment of the pleadings, for there was no offer, nor attempt, to so amend. Therefore, Caron v. Teagle, 345 So.2d 1331 (Ala.1977) has no application. In the posture of the case, the entire issue before this court becomes a purely evidentiary question. The trial court did not err in merely sustaining a specific objection to the proffer of evidence which was not properly an issue in the case at the time of the objection.
II
Incompatibility of temperament was the alleged ground of divorce in the wife’s complaint. Her proof as to such incompatibility was as follows: that they can no longer live together, that the husband’s drinking is getting worse, that he is an alcoholic, that he nags and threatens her, including threats to kill her, to the extent that she leaves home in her car, that she has a blood pressure problem and should not have to continue to put up with the husband’s behavior towards her, and that they have difficulty in communicating without arguing.
The husband contends that such evidence was inadequate proof of the alleged ground of divorce. The testimony of the wife was much more specific than was the evidence in Clark v. Clark, 384 So.2d 1120 (Ala.Civ.App.1980) and we determine that it sufficiently supported the averment of the complaint and was competent evidence upon which to divorce the parties.
Ill
The husband objects to the divisions of property and to an award of periodic alimony to the wife. No benefit to precedent nor to either of the parties would occur through a recital of the evidence upon this issue.
The ore tenus rule applies. The findings of the trial court are presumed to be correct. As to property and alimony issues, the trial court has a broad discretion to exercise, which holding is reversible on appeal only for a palpable abuse thereof. Casey v. Casey, 421 So.2d 128 (Ala.Civ.App.1982). We have carefully read and reviewed the evidence and the fine briefs of counsel, and we find no abuse of the trial court’s judicial discretion in the division of property nor in the award of periodic alimony.
We affirm.
Appellee’s request for attorney’s fee on appeal is granted in the amount of $250.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.