EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil contempt proceeding.
In their April 12, 1982 divorce judgment, Dr. Hart was ordered to pay to Mrs. Hart $800 each month as alimony and child support, and he was to be responsible for the monthly mortgage payments of $1,128 upon the homeplace. The wife was granted custody of their three children. She was given the exclusive use of their jointly-owned home until she remarries or the youngest child reaches nineteen years, at which time it would be sold with the net proceeds being divided equally between the parties.
Beginning in July 1982, the husband failed to make the required monthly mortgage payments upon the home. The mortgagee foreclosed the mortgage and Mrs. Hart and the three children removed themselves from the house at the direction of the mortgagee. The wife had instituted contempt proceedings against the husband for the nonpayment of the mortgage installments before the foreclosure occurred and then amended the petition to aver and disclose that fact. After an ore tenus hearing before the trial court, a final judgment was entered which found Dr. Hart to be in contempt of court for his failure to comply with the orders of the trial court. As “sanctions” imposed against him, Dr. Hart was ordered to pay to Mrs. Hart $432.40 for the storage of her furniture after her eviction from the house and $345 per month as a housing allowance. Mrs. Hart’s attorney was awarded an attorney’s fee. Dr. Hart duly appealed and raises two issues.
I.
He first contends that the trial court erred in holding him in contempt of court.
Dr. Hart admitted that he failed to make any of the house mortgage payments which fell due after July 1, 1982, and that the home was sold at foreclosure. He claimed inability to pay. His bookkeeper’s evidence was that Dr. Hart’s income had not materi *156 ally changed since the rendition of the divorce judgment. Apparently he was in the same comparative financial condition when the contempt order was made as when they were divorced. He was current with his office monthly mortgage payments of $1,099 and with his monthly installments of $520 for his Cadillac, both of which are paid by his office. He is a sole practitioner of medicine, and his office also pays his gasoline bills and apartment rent of $345 monthly. He receives about $600 each month from his medical practice which he uses for food, laundry, medical meetings and other living expenses. Mrs. Hart testified that Dr. Hart threatened that the house would be taken from her; that if he had to live in an apartment, so would she. Rather than express remorse as to the home foreclosure, he laughed about it.
The trial court did not err in adjudging Dr. Hart to be in contempt of court. The evidence supports that holding and we are bound thereby and must affirm as to that issue for, in cases of this nature, the weight and the sufficiency of the evidence will not be reviewed. Citicorp Person to Person Financial Center, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App.1982). We note that while the trial court found Dr. Hart to be in civil contempt of court, no real punishment was imposed upon him. The “sanctions” were more in the nature of modification than punishment.
II.
Lastly, Dr. Hart argues that the trial court abused its discretion in the award of the monthly housing allowance to the wife.
The order to pay the $345 each month was, in essence, an adjudication as to alimony and child support. The original judgment granted to Mrs. Hart the use and possession of the homeplace until her remarriage or the attainment of majority by the youngest child. That permitted Mrs. Hart and the three minor children of the parties to have a home. However, because of Dr. Hart’s default in the payments upon the house mortgage, it was foreclosed and the wife and children lost the use of that home. The monthly housing award was an effort to provide a substitute place for Mrs. Hart and the children to live. It was for the same amount that Dr. Hart pays as apartment rent and was for $783 less each month than the house mortgage payments had been. A change of circumstances had occurred because of the home foreclosure and the original judgment for alimony and child support was subject to being modified to provide for housing for the former wife and three children. That was a matter which fell within the discretion of the trial court. Since the action of the trial court was not palpably wrong, the decision of the trial court in making the housing award must be affirmed. Lonnergan v. Lonnergan, 421 So.2d 122 (Ala.Civ.App.1982); Mack v. Mack, 402 So.2d 1038 (Ala.Civ.App.1981).
We have responded to the issues as argued by learned counsel, and, finding no error as to those matters, we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.