EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
After a contested ore tenus trial, the circuit court divorced the parties for incompatibility, divided their property, and awarded alimony in gross to the wife of $750 each month for twenty-four months. The wife received the marital residence and the ten acres of land upon which the home is situated, a business known as The Wine Merchant which she has actively managed since it was established, $5,000 in lieu of an automobile, her stock portfolio, her IRA account, certain bank accounts, and the vast majority of the personal property. The major items awarded to the husband consisted of ten acres of land, two automobiles, certain accounts which he owned, a few items of personal property, and his medical professional corporation.
The wife, through her very able counsel, raises only one issue upon her appeal, the failure of the trial court to award periodic alimony to her. In our review of this matter, we must accept as being true all of that evidence which lends support to the trial court’s judgment. We have studied the entire record in accordance with all the attendant presumptions and the following is consequently revealed.
Both parties had been previously married when they married each other in 1972. No children resulted from their union; how *804 ever, by his first marriage the husband had four children who are now either adults or are approaching their majority.
The wife is forty-two years of age, a college graduate, and was a registered dietician, but that registration or license has expired. She resigned her Air Force Captain’s commission on her own accord in 1974. In order to obtain a current license as a dietician, it is required that she resume her education for approximately eighteen months and, thereafter, successfully pass an examination. The wife is uncertain as to her future plans as to whether to attempt to resume her profession as a dietician or to operate the wine business or to attempt other endeavors. Neither has she decided upon the locality where she will settle.
The husband is an orthopedic surgeon and practiced that medical specialty in the Air Force when the parties married. His 1982 income, before taxes, from his profession was $74,000 and he received military retirement pay as a lieutenant colonel of $23,000. His monthly expenses, including debt payments, closely approximate his income.
In 1970, the wife invested $1,500 in stock and the account grew through professional management to $74,347 in 1982. Her net capital gains amounted to $25,500 in 1980 and to over $20,000 in 1982. The husband paid a total of $15,800 for state and federal income taxes due on her stock dividends and net gains for the years 1980 through 1982. None of her proceeds from her stock portfolio have ever been expended for the benefit of the family. Her ownership of the stock was a very sensitive matter with the wife, who disfavored discussing it with her husband. He was not familiar with its value.
The three-year-old wine business which was awarded to the wife suffered a loss of $10,000 in 1980, but losses decreased to $3,000 in 1982. The book value of The Wine Merchant was $55,000 in 1982. Since that business was established, the husband has borrowed and invested in it over $40,-000.
The homeplace received by the wife was valued at $103,000 by the husband. It is encumbered by a $36,000 mortgage for which the wife is responsible.
The husband’s professional corporation was valued at $90,000 and his ten acres of land at about $50,000. He was required by the divorce judgment to be responsible for all debts and losses (which amounted to a substantial sum) except the house mortgage and general debts of The Wine Merchant.
Since their marriage, the wife has been vehement against the husband’s payment of his children’s traveling expenses from the state of Washington so that they might visit with him. His regular contributions to the college expenses of various of the children have also been a sensitive area between the parties. The husband and wife had no marital relations during the last two and a half years, the fault therefor, admittedly, being mutual.
Since the ease was orally tried before the circuit court, it is presumed that the final judgment was factually correct if it was supported by credible evidence; and since the matter of an award of periodic alimony falls within the trial court’s judicial discretion and is not mandatory, the decision in this case by the trial court not to order the husband to pay periodic alimony is clothed with a favorable presumption and cannot be disturbed on appeal except where such discretion was plainly, obviously, distinctly, palpably abused. Rothchild v. Rothchild, 434 So.2d 794 (Ala.Civ.App. 1983); Mack v. Mack, 402 So.2d 1038 (Ala.Civ.App.1981); Coffelt v. Coffelt, 390 So.2d 652 (Ala.App.1980). Since the wife was the spouse who requested alimony, her rather successful and substantial stock portfolio and its net dividends, profits, and gains could properly be considered by the trial court in determining whether she should receive a periodic alimony award. Lewis v. Lewis, 416 So.2d 755 (Ala.Civ.App.1982).
We have studiously read the entire record and have seriously contemplated and deliberated over it. We find that the *805 trial court’s decision was supported by the evidence. We reached that determination after giving due credence to the property which the wife was awarded, to her income from her stock investments, to the possible potential of her retail wine business, to the fact that she will receive alimony in gross of $750 each month for twenty-four months [ostensibly for the purpose of allowing her to return to school or to permit her a period of time for adjustment], to the duration of their childless marriage, to the wife’s personal uncertainty as to what field of endeavor she desires to pursue, to the age, education and experience of the wife, to the no-fault ground for the divorce, and to all other material factors. To determine whether the trial court abused its discretion, we must look to all of the aspects of the divorce judgment and not merely to the lack of any periodic alimony award to the wife. The following language from Mack v. Mack, 402 So.2d 1038 (Ala.Civ.App.1981), is equally applicable to the present appeal:
“There exists no palpable abuse of trial court discretion when the collective minds of an appellate court are uncertain and waver in balance as to whether the award of alimony and/or the division of property by the trial court was fair and equitable according to the nature of the case after a due consideration of all of the appropriate factors. Here, we are left in that state of uncertainty and it is not now easily perceptible, plain or obvious that the trial court was in error in rendering the latest judgment. Therefore, since we are not authorized to substitute our judgment for that of the trial court, we are required to affirm. There was no palpable abuse of discretion by the trial court.”
Id. at 1039.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.