This is a child support modification case.
The parties' 1977 divorce judgment granted to the wife $100 monthly support for their minor son pursuant to their settlement agreement. The wife filed the present litigation to modify that award by increasing it to $250 each month. After an ore tenus trial before the circuit court, the resulting January 31, 1984 judgment established those support payments from the husband to the wife at $175 per month. The wife appealed and, through able counsel, earnestly pleads that the trial court abused its discretion in not ordering the husband to provide more funds for the support of their fifteen year old son.
The case was well tried in the circuit court and counsel have thoroughly argued their opposing contentions in their briefs which were filed in this court. The parties are not in disagreement as to the law. Because of the application of the ore tenus rule, it is presumed that the circuit court's decision and award were correct. The adjudication of a trial court as to the modification of child support on account of changed conditions, and the amount thereof, fall within the judicial discretion of that court and we are not authorized to disturb the holding of the circuit court unless it was not supported by the evidence or unless it was palpably wrong.Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App. 1983). Here the bone of contention is whether the trial court abused its discretion and was palpably wrong by not granting a greater increase in child support.
We have diligently studied the briefs and the entire record has been read and reread. We glean that a monthly award could have been supported by the evidence in amounts ranging from in excess of $300 to no modification of the provisions of the 1977 judgment. The husband's gross income was around $12,000 annually in 1977 and he now nets about $1,675 monthly. However, evidence was presented to the trial court that his expenses equaled, if they did not exceed, his present net income from all sources. Evidence of a somewhat similar nature was given by the wife. The son testified that his needs were adequately provided for. The increase in age and in the needs of the son, inflation, and the means of the parents to provide support for the boy are among the most important factors to be considered by the trial court in determining the amount of child support, but the ability of the father to pay may not be ignored. Youngv. Young, 376 So.2d 737 (Ala.Civ.App. 1979). That case closely parallels this instant appeal in many particulars as to issues, law, and facts. *Page 1323 
We conclude that the judgment of modification was supported by the evidence. The increase of support to $175 per month was well within the ambits of the testimony and the exhibits. The trial court's decision was not palpably wrong. Accordingly, we are required to affirm the judgment of the trial court even if our view of the evidence might vary from that of the trial court, for we are required to affirm regardless of whether we might have reached a different result had we initially tried the case, since the trial court was not plainly wrong and its determination was supported by the evidence. Young v. Young,supra.
The trial court denied the wife's prayer for an attorney's fee. Such an award lies within the discretion of the trial court, which was not abused in this case in the absence of any proof before that court regarding the reasonable value of the legal services of the wife's attorney. Dye v. Dye,406 So.2d 420 (Ala.Civ.App. 1981); Young v. Young, supra. In view of our affirmance, the wife's request for an attorney's fee on appeal is denied. Young v. Young, supra.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.