The former husband was found to be in contempt of court for failure to comply with the divorce decree. He appeals.
The Battles were divorced by the Circuit Court of Coffee County on July 25, 1983. The divorce decree divested Mrs. Battle of all her interest in the real property owned by the parties, to wit: the marital home in Enterprise, Alabama and several undeveloped lots in Citrus Springs, Florida. In lieu of her interest in the real property, the court awarded Mrs. Battle $19,000 as "lump-sum alimony." The decree also provided that:
 "A lien in an amount of $19,000.00 is imposed upon the real property in Enterprise, Alabama. Said sum of $19,000.00 is to be paid on or before the date of November 1, 1983 but shall bear no interest.
 "In the event defendant fails to pay plaintiff said sum of $19,000.00 as ordered on or before the date of November 1, 1983 then said real property in Enterprise, Alabama as described hereinabove is ordered sold at public auction with the proceeds from said sale being divided equally between the parties after deducting [from] said proceeds the expenses of said sale, costs, and payment of existing mortgages on said property."
Upon timely motion by Mrs. Battle, the divorce decree was amended to read as follows:
 "The Defendant, Dorsey Battle, Jr., is ordered to pay to the Plaintiff, Evelyn H. Battle, as lump-sum alimony the sum of *Page 111 
$19,000.00, said sum being in lieu of Plaintiff's equity in the hereinabove described real property. A lien in the amount of $19,000.00 is imposed upon the real property in Enterprise, Alabama. Said sum of $19,000.00 is to be paid on or before the date of November 1, 1983, but shall bear no interest.
 "In the event Defendant fails to pay Plaintiff the said sum of $19,000 as ordered on or before November 1, 1983, then said real property in Enterprise, Alabama, as described hereinabove is ordered sold at public auction with the proceeds from said sale being equally divided between said parties after deducting from said proceeds the expenses of said sale, cost and payment of existing mortgages and said lien of the Plaintiff in the sum of $19,000.00 on said property." (emphasis added)
On December 6, 1983 the real property located in Enterprise, Alabama was sold at a public auction, pursuant to the decrees, due to the failure of Mr. Battle to pay Mrs. Battle the $19,000 award. Shortly after the sale, the parties agreed to set aside the conveyance and asked that the property be deeded back to the Battles as the original owners. This agreement was adopted by the court, which further provided that the subject property was to be privately sold by a realtor and that the previous decrees of July and September were to remain in full force and effect. About one year later Mrs. Battle filed a motion seeking to have Mr. Battle held in contempt for failure to pay her $19,000 as ordered by the divorce decree. After a hearing the trial court found Mr. Battle in contempt of court and ordered that he be incarcerated in the county jail. Sentence was suspended to enable Mr. Battle to purge himself of contempt. Mr. Battle appeals from this decree.
Before discussing the merits of the case, we wish to comment on the method of review in this type proceeding. The proper method of review of a contempt citation is by habeas corpus if the party is in jail or by certiorari if the party is not incarcerated. Lunceford v. Lunceford, 363 So.2d 98
(Ala.Civ.App.), cert. denied, 363 So.2d 100 (Ala. 1978). Appeal is not the proper remedy for review of a contempt citation; however, on occasion we have treated an appeal in a contempt case as a petition for certiorari. Reeder v. Reeder,356 So.2d 202 (Ala.Civ.App. 1978). We choose to so treat the appeal in this case, and limit the scope of our review to applicable questions of law. Hart v. Hart, 439 So.2d 155 (Ala.Civ.App. 1983).
Mr. Battle first contends that the trial court improperly modified the divorce decree of August 25, 1983 by requiring that Mrs. Battle's lien of $19,000 be paid off along with all existing mortgages should the marital home be sold. Mr. Battle says that the trial court could not modify or amend the divorce decree to change an alimony in gross or property settlement award after the lapse of thirty days from its rendition. This is true unless a timely motion has been filed within thirty days of the rendition of the divorce decree. See Rule 59, Alabama Rules of Civil Procedure. In the present case the divorce decree was handed down on July 25, 1983, Mrs. Battle filed her motion for reconsideration and amendment of the divorce decree on August 10, 1983, and the trial court amended the divorce decree by written order on September 8, 1983. The divorce decree was amended to provide that Mrs. Battle's $19,000 lien would be paid along with any existing mortgages should the marital home be sold. As can readily be seen from the above recited sequence of events, the trial court amended the divorce decree in response to a timely filed rule 59 (e) motion to amend that decree. Thus, the trial court had jurisdiction to amend the divorce decree as it related to the payment of the $19,000 awarded to Mrs. Battle as "lump-sum alimony." See Hallmark v. Hallmark, 381 So.2d 641
(Ala.Civ.App.), cert. denied, 381 So.2d 642 (Ala. 1980).
The July 25, 1983 decree as amended by the September 8, 1983 decree clearly required Mr. Battle to pay Mrs. Battle $19,000 in lieu of her interest in the marital *Page 112 
home. The evidence adduced at the contempt hearing shows that Mr. Battle has a yearly income in excess of $45,000 and a moderate IRA account. He also has unencumbered title to the Citrus Springs, Florida property, valued at over $25,000. In addition, Mr. Battle has possession of a $22,000 automobile on which he made a $14,000 downpayment, in cash, two months prior to the court ordered due date of the alimony award to Mrs. Battle. Based on this evidence and other evidence in the record, we find as did the trial court that Mr. Battle has the ability to pay the $19,000 to Mrs. Battle and his refusal to comply with the divorce decree is based on contumacy rather than inability to pay.
Mr. Battle also argues that the trial court erred in awarding Mrs. Battle $500 in compensatory damages and in awarding her a reasonable amount of money for an attorney's fee.
A party found in civil contempt of court may be required to pay the other party compensatory damages. Lightsey v.Kensington Mortgage Finance Co., 294 Ala. 281, 315 So.2d 431
(1975). Mr. Battle was found in contempt and was ordered to pay Mrs. Battle $500 as expenses incurred in enforcing the divorce decree.
The trial court also properly ordered Mr. Battle to pay Mrs. Battle a reasonable amount for the services of her attorney. Where a party is found to be in contempt of court for failure to pay court-ordered alimony, attorney fees may be assessed by the court. See Smith v. Smith, 365 So.2d 88 (Ala.Civ.App. 1978); § 30-2-54, Code 1975.
For the above stated reasons, the decree of the trial court is affirmed.
Mrs. Battle is awarded $500 for the services of her attorney on this appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.