EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
The parties were divorced in 1974. A change was made in July 1980, whereby the award to the mother was increased by $10 per week to the sum of $55 for the weekly support of three minor children. In 1984 the mother sought another increase in child support, and she requested that the father provide health insurance for the children. After a contested evidentiary hearing, the trial court, by its February 1985 judgment, did not increase the amount of child support payments as such, but the father was ordered to provide health and hospitalization insurance for the three children by a group plan if it was available to him. If group insurance could not be had, he was directed to pay $75 each month to the mother toward the cost of such health insurance. The father appealed and contends through very capable counsel that the mother failed to show such a material change in the circumstances as would justify a modification of the 1980 child support judgment, and that the trial court abused its discretion in requiring the father to provide hospital insurance for the children.
In viewing the record in accordance with the attendant presumptions concerning the judgment of the trial court, the following facts are pertinently revealed.
The children are presently fifteen, thirteen and eleven years of age and attend the tenth, eighth and sixth grades of school. Their clothing, schooling and food have become more costly as the children have become older.
The mother’s most recent take-home pay was $323 every two weeks. Her estimated expenses for herself and the children totaled $1,229 per month. During the past four years, she has often worked at a second job in order to supplement her income. Her utilities, groceries, automobile insurance and some other expenses have increased since 1980. In her opinion, she needs $300 monthly from the father for the support of the children.
The father remarried in 1981 and his present wife is employed. His W-2 wages totaled $11,890 in 1980 and increased to $13,076 in 1984. A two percent raise in production schedules was granted to him in July 1984. While his working hours were reduced from forty or more to thirty-five per week in early 1985, his take-home wages still amounted to $160 each week. He stated that in 1984 he also had experienced some weeks when his earnings were abnormally low.
Since the divorce, the mother has provided and paid for health insurance for the children. Her own insurance is furnished by her employer. In 1980 the children's insurance cost her $75 each month, but it has increased to its present premium of $107 per month. While the father’s employer provides him with free health insurance, he may add a family plan to that policy at a $20 weekly cost to him.
Any modification of the child support judgment of July 1980, by ordering the father to provide or contribute toward the children’s medical insurance was largely a factual issue which fell within the sound judicial discretion of the trial court. The ore tenus rule applies. Accordingly, *114 the determination of the trial court as to that insurance issue is presumed to be correct and cannot be disturbed upon this appeal, unless such holding was so unsupported by the evidence as to be palpably wrong. Craddock v. Craddock, 453 So.2d 1321 (Ala.Civ.App.1984); Lonnergan v. Lonnergan, 421 So.2d 122 (Ala.Civ.App. 1982). The increase in age and the needs of the children, inflation and the means of the parents to provide support for the children are among the most important matters to be considered by the trial court in determining whether such a material change of circumstances has occurred as to authorize a modification of child support. Craddock, 453 So.2d at 1322; Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App.1984); Lonnergan, 421 So.2d at 123.
A modification of child support does not necessarily require that periodic monetary payments be increased, but additional support in other forms or areas, such as providing health insurance for the children, may be ordered even though no prior award dealt specifically with that precise type of support.
After a study of the helpful briefs of able counsel for both parents and following a diligent reading of the entire record, we conclude that the judgment of modification as rendered by the trial court as to health and hospital insurance was supported by the evidence, that it was not palpably wrong and that the trial court did not abuse its discretion in its order. Accordingly, we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.