EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a periodic alimony modification case.
The parties were divorced in 1979. Their youngest child became nineteen years of age in April 1985. Until that time, Mr. Watwood (husband) had complied with the divorce judgment by paying to Mrs. Wat-wood (wife) $55 per week for the support of that minor child and $55 each week as periodic alimony. The wife sought an increase in periodic alimony to $110 each week since the husband was no longer required to pay any child support. After an ore tenus trial, a judgment was rendered which denied any increase as to periodic alimony, and the wife duly appealed. In effect, she argues through able counsel that the trial court erred in not increasing her weekly alimony to $110.
We have read and studied all of the evidence, and the following is revealed as being pertinent to the issues involved.
This is the fourth time since the 1979 divorce that segments of this case have been litigated before the trial court, which was most familiar with the history and condition of the parties.
When they were divorced the wife received $7,000 in cash and real estate, consisting of ten acres of land upon which was located the marital home of the parties, where she still resides. Her divorce award amounted to approximately one-half of everything which the husband then owned.
The wife is now fifty-nine years of age. She testified that she had previously worked some as a waitress but that she has been disabled since June 1984 because of *344 blood clots in her legs. She has had no corrective surgery for that problem.
Her testimony was that the alimony payments constitute her present income. She itemized her medical expenses, including insurance, at $245.93 each month and her other living expenses as being $282.00 monthly. About three or four months before the trial, she had cashed a certificate of deposit for almost $8,000, and she stated that she has spent all but $100 therefrom in the payment of debts and current living expenses. According to the wife, she repaid $4,000 to a personal friend, whom she has dated for the past four years, for money borrowed from him in 1981 or 1982. That debt was not evidenced by a note and no receipt or cancelled check was introduced concerning her payment.
The husband is sixty-five years of a!ge. He has remarried and now resides in his present wife’s home. He retired three years ago. His income in round figures was $23,000 in 1980, $28,000 in 1981, $18,-000 in 1982, and $13,000 in 1983. It is uncertain from the testimony as to whether he presently receives $555 or $699 each month from social security. His interest receipts from a $32,000 certificate of deposit now average $246.67 each month. The husband has heart trouble and must take daily medication because of seizures resulting from injuries which he sustained to his head.
The learned trial court stated during the trial that both parties were disabled according to evidence which had been presented at previous hearings.
While periodic alimony may be modified when there has been a material change in the circumstances of either or both of the parties, the issues as to whether periodic alimony should be modified and the amount thereof are discretionary matters for the trial court and will be reversed on appeal only where there was such an abuse of discretion by the trial court as to make the judgment palpably wrong. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985); Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985).
The wife argues that the evidence is undisputed, that we should not indulge any presumption in favor of the trial court’s determinations and that, since the husband no longer has to pay $55 each week to the wife for the support ■ of their youngest child, her periodic alimony should be increased from $55 per week to the amount of $110 weekly. While the ore tenus rule does not apply in a review of a case where the facts are substantially undisputed, Stiles v. Brown, 380 So.2d 792 (Ala.1980); Hadley v. Director of Department of Industrial Relations, 473 So.2d 519 (Ala.Civ. App.1985), the trial court still has a judicial discretion to exercise in rendering a final judgment in a periodic alimony modification case. In those modification cases, that discretionary rule applies in both evidentiary disputed cases and in cases where the evidence is not in substantial conflict as to material issues because there is no fixed standard as to modification of an alimony award or as to the amount thereof.
The trial judge stated that he was fully cognizant of the prior income of the husband. That annual income has been reduced from a high of almost $28,000 in 1981 to his present income of either $9,350 or $11,078, depending upon the correct amount for his current social security receipts. His alimony payments to his former wife total $2,860 per year. Thus, he presently pays either 26 percent or 30.6 percent of his total income as periodic alimony.
We cannot say that the trial court was palpably wrong in not altering the amount of the husband’s payments for alimony. The facts warranted the judgment. Stiles, 380 So.2d at 794. We affirm since the trial court did not abuse its judicial discretion.
Actually, there was conflicting evidence, and the trial court had the responsibility of weighing it. However, it was not necessary in our review of this case to apply any presumption as to the correctness of the final judgment since the trial court did not abuse its discretion in failing to modify the judgment as to periodic alimony. In short, the case would stand affirmed regardless *345 of whether the evidence be regarded as conflicting or not.
The wife’s request for an attorney’s fee on appeal is denied. Craddock v. Craddock, 453 So.2d 1321 (Ala.Civ.App.1984); Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.