This is a child support modification case.
The husband was ordered to pay to the wife $300 each month as support for three children when the parties were divorced in 1983. In this present litigation, both parties evidently sought to modify those payments and they entered into a stipulation of facts. The trial court's judgment thereon increased the child support payments to $420 each month and the husband timely appealed.
The stipulated facts were substantially as follows. At the time of divorce the parties had three minor children, but the oldest has now reached her majority. The two remaining children are nine and seven years of age. The youngest child entered school after the divorce and is now in the second grade, with the wife's expenses having increased for the support of the youngest child on that account. The two minor children are now older and desire to participate in additional outside activities, such as Cub Scouts and Brownies. It was agreed that the trial court could take judicial notice of inflation for a two-year period since the divorce. Until recently, the oldest child was available to babysit with the other two children, but, since the eldest daughter will now be employed fulltime and will be unable to babysit, the wife will need to make other arrangements for a babysitter. The husband's annual net income was about $18,500 at the time of the divorce but has decreased to $16,800 at the present, and, during that same period of time, his expenses have increased by $500 per month.
The reasons for the husband's increased expenses or decreased income were not stipulated. His total pre-divorce and present expenses were not made available to the trial court.
Child support payments may be modified where there has been a material change in the circumstances since the entry of the last judgment which awarded child support. Ex parte Boley,392 So.2d 840 (Ala. 1981). The trial court has a judicial discretion to exercise in determining whether child support should be modified and the extent of any modification, and its decision thereon will not be disturbed on appeal unless it was palpably wrong. Fuller v. Fuller, 428 So.2d 94 (Ala.Civ.App. 1983). We are governed by that rule although the ore tenus rule has no application in this appeal since the facts were not in dispute. *Page 156 Watwood v. Watwood, 485 So.2d 343 (Ala.Civ.App. 1986). The increase in the age and in the needs of the children, inflation, and the ability of the parents to provide for their support are among the most important factors to be considered by the trial court in determining whether such a material change of circumstances has occurred as to authorize a modification in the amount of child support. Moseley v.Moseley, 476 So.2d 112 (Ala.Civ.App. 1985).
After applying the above rules of law to the stipulated facts, it appears that material changes in the circumstances had occurred since the divorce so as to justify the decision of the trial court. No abuse of discretion transpired by the rendition of the modification judgment. We affirm.
The husband shall pay $300 to the wife's attorneys for their legal services upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.