678 So.2d 1129 (1996)
Denise E. AUSTIN
v.
Robert E. AUSTIN.
2941038.
Court of Civil Appeals of Alabama.
April 26, 1996.
Stephen R. Arnold, Birmingham, for appellant.
Kenneth Ingram, Jr. of Morris, Haynes, Ingram & Hornsby, Alexander City, for appellee.
PER CURIAM.
Following an ore tenus proceeding, the trial court divorced the parties; they had been married 22 years. The court awarded *1130 the wife the marital residence and surrounding two acres of land, which included a pool and tennis court. The wife received an equity interest of approximately $25,000 in the residence which, with the surrounding acreage, is valued at $150,000. The wife received all the household furnishings, valued at $25,000 to $30,000, and one of two automobiles owned by the parties. Her automobile was valued at only $1000; it had high mileage, but was free of any liens. The wife was ordered to pay several credit card debts. The husband received his personal items in his possession; his tools; his boat, valued at less than $1000; several collections, valued at approximately $4000; an unimproved parcel of real estate, valued at approximately $15,000 with a $14,000 mortgage; and the other automobile, with an indebtedness of $10,000, which is more than its value.
The court awarded custody of the three minor children, ages 11, 13, and 14, to the wife and ordered the husband to pay $1600 per month in child support and $1500 per year in clothing expenses for the children. The husband was allowed to claim two of the children as dependents for tax purposes, and the wife was allowed to claim the other. The husband was required to provide full health insurance coverage, which costs $167 per month, and to pay all of the uncovered medical expenses of the children. He was also ordered to maintain and pay the premiums of $125 per month on policies of life insurance in the amount of $300,000. The husband will have to make housing arrangements and, in addition, is making payments on numerous other debts totaling $27,000.
Other than the mortgage payment of $1034 on the marital home, the wife presented no evidence of her monthly expenses. She estimated those expenses at $4200. The wife, who has both a bachelor's degree and a master's degree in education, is a school teacher; she had worked continuously throughout the marriage, taking breaks only to care for her newborn children. Throughout their marriage, the husband has been actively involved with the children and has performed an equal share of household tasks such as cooking and cleaning. Both the husband and the wife testified that the other was a good parent.
At the time of the divorce, the wife was earning approximately $32,000 per year; the husband was earning over $100,000 per year. If the husband's retirement is vested, his projected retirement income will be 75% of his state salary beginning at age 60. The husband was 43 years of age. Thus, as of the time of trial, it would be approximately 17 years before the husband could start drawing retirement benefits. Although the wife will be entitled to retirement benefits, there was no evidence of the monthly amount she will receive or when her benefits will begin. At the time of trial, the wife was 44 years of age and her health was good.
After the separation, one or all of the children spent the night with the husband at least three nights a week. The husband takes them to school each morning, and the wife picks them up in the afternoon and is responsible for taking them to their after-school activities.
The parties' financial contributions while the husband attended law school and the wife's assistance in the husband's successful campaigns for district and circuit judge were disputed.
The husband testified that they argued about the division of household labor and responsibilities; relative commitments each of them had to their jobs; money and finances; methods of dealing with their children; and "a lot of things."
The trial court did not award periodic alimony to the wife, nor did it reserve for future consideration the issue of alimony. The wife moved the court for a new trial or, in the alternative, to alter, amend, or vacate the divorce judgment; her motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. The wife appeals, arguing that the trial court's refusal to award periodic alimony or to reserve the issue was an abuse of discretion requiring reversal.
In a divorce action, whether to award alimony is within the sound discretion of the trial court, and its ruling on that question will not be overturned on appeal except for an abuse of discretion. Davis v. Davis, 636 *1131 So.2d 456 (Ala.Civ.App.1994); Ex parte Jackson, 567 So.2d 867 (Ala.1990).
"To determine whether the trial court abused its discretion, we must look to all of the aspects of the divorce judgment and not merely to the lack of any periodic alimony award to the wife." George v. George, 447 So.2d 802, 805 (Ala.Civ.App.1984). The issues of alimony and property division are "interrelated and `the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues.' Kelley v. Kelley, 579 So.2d 1362, 1363 (Ala.Civ.App.1991)." Rolls v. Rolls, 623 So.2d 744, 745 (Ala.Civ.App.1993).
"Each case is decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Johnson [v. Johnson, 565 So.2d 629 (Ala.Civ.App.1989)]. When a division of property favors one party over the other, that alone does not indicate an abuse of discretion. Johnson. When making an award of alimony and a division of property, the court should consider several similar factors, which include the future prospects of the parties; their ages, health, and station in life; the length of their marriage; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Johnson."

Matejka v. Matejka, 647 So.2d 778, 780 (Ala. Civ.App.1994).
The wife contends that she should have been awarded periodic alimony because, based upon her estimate of living expenses, she will be approximately $800 short each month. As stated above, the wife did not itemize this estimate. Although the gross income of the parties was established, the husband's net income is not in the record, nor is the monthly amount each is paying on the marital debts. Without this information, it is not possible to determine the reasonableness of the wife's need for additional support and the ability of the husband to pay additional support.
The wife also contends that the trial court erred in not awarding her income from her husband's retirement benefits. As noted above, there was no evidence of the monthly benefits the wife will be entitled to from her retirement program and no evidence as to when she could, or planned to, begin receiving those benefits. When she will be eligible to retire is important because upon her retirement she could seek other employment for additional income. Although the wife referred in her brief to receiving Social Security benefits, there was no evidence as to the amount she or the husband would receive. Again, without this information, the trial court's judgment cannot be reversed. Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App.1984).
We hold that the trial court did not abuse its discretion by failing to award the wife periodic alimony. However, in light of the length of the parties' marriage and the disparity in their current and future retirement incomes, we conclude that the judgment should be reversed and the cause remanded for the trial court to reserve the right to award periodic alimony in the future. Duckett v. Duckett, 669 So.2d 195 (Ala.Civ.App. 1995).
The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in part and dissents in part.
ROBERTSON, Presiding Judge, concurring in part and dissenting in part.
I would affirm the trial court's judgment in its entirety; therefore, I must respectfully dissent to the reversal in part. However, since the judgment is reversed, on remand I would suggest to the trial court that the right to award alimony in the future be reserved as to both parties.