MURDOCK, Judge,
dissenting.
As discussed in the main opinion, the trial court based its decision on evidence received ore tenus and that decision is therefore presumed correct and is not to be disturbed on appeal unless it is plainly and palpably wrong.
The trial court awarded the wife all of the equity in the parties’ marital home, most of the furniture and furnishings from that home, and a 2000 Oldsmobile Alero automobile. The trial court also required the husband to pay the following debts: the monthly mortgage payment of $794 on the parties’ marital home until such time as the home is sold (which the trial court stated on the record was to be accomplished within 12 months); the monthly payment of $354 on the loan used to finance the automobile awarded to the wife (the husband’s obligation for this monthly payment extended from the time of the trial court’s judgment in April 2002 until November 2002); and all of the remainder of the marital debts (including $16,000 in credit-card debt). Addressing the wife, the trial court stated on the record:
“I’m going to give Mr. Wadsworth the house, and he’s going to assume the debt. He’s ordered to have it sold within 12 months, and you get all the equity. All right. I’m going to order him to pay your car payment until November of this year [2002], I’m going to order him to assume all other marital debt, and I’m reserving the ruling on the periodic alimony request to see whether or not all this is done. Like I told you, [the husband] is basically assuming, either giving up — either giving you or paying in the neighborhood of $74,000. And if he does that, then more than likely I’m not going to award any further alimony. This will be a property type settlement. You’re getting it all.”
While the trial court had before it evidence as to the wife’s financial needs and her income, it also was presented with testimony from which it could infer that the wife was currently living free of charge with her daughter in Idaho. The record contains insufficient evidence from which to determine the husband’s financial needs. Moreover, the record contains no evidence as to the husband’s income. In other words, while the wife may have satisfied her burden of proof as to her need for alimony, she failed to introduce sufficient evidence relating to the husband’s ability to pay alimony. See Austin v. Austin, 678 So.2d 1129 (Ala.Civ.App.1996).
The wife’s brief contains the following statement: “In reality, it is difficult to determine if the award fashioned by the trial judge can ever be considered equitable because the record is silent as to what the Husband’s retirement [income] is.” I agree. The husband may very well be able to afford to pay a substantial amount of periodic alimony; he may be unable to afford to pay any. I cannot determine *142 from the record before us, however, whether either proposition is true. I therefore cannot conclude, as the main opinion does, that the trial court’s judgment dividing the property and reserving the question of alimony is not equitable. The appellant has the “affirmative duty of showing error upon the record.” Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983). I therefore see no alternative but to dissent, and I respectfully do so.
CRAWLEY, J., concurs.